GARTH v. COOPER & SMITH.

1. USURY: NEW NOTE. The cancellation of a note tainted with usury and the execution of a new one for the balance remaining after deducting the payments made from the amount of the principal and usurious interest, does not purge the transaction of usury; following *Smith, Twogood & Co.* v. *Coopers & Clark,* 9 Iowa 376; and *Campbell* v. *McHarg,* Ib. 354.

2. SAME: JUDGMENT: COSTS. In actions on contracts in which usury is established, the plaintiff should have judgment against the defendant for the amount of principal due; the school fund against the defendant for the amount of interest due thereon ; and the defendant against the plaintiff for the costs of the action.

*Appeal from Dubuque City Court.*

WEDNESDAY, DECEMBER 4.

ACTION on a promissory note; defense, usury. From the testimony of one of the defendants it appears that defendants had of plaintiff $300, for which they gave their note for $345, payable in one year. At the expiration of this time they paid him $100 on the principal, and $45 interest; took up the original note, obtained an extension of time for another year; and for the balance executed the note in suit for $220, with interest after due. Judgment for plaintiff in the sum of $155, and for the State for the use of the school fund for the 10 per cent interest. Plaintiff appeals.

*Bush, Angell & Lyon* for the appellants, cited *Fowler* v. *Garrett,* 1 J. J. Marsh. 682; *Pastlthewait* v. *Garrett,* 3 Monr. 345; *Jones* v. *Estes,* 1 John. 379.

*Griffith & Knight* for the appellee, cited 2 Par. Cont. 396, note *z,* and the numerous authorities there cited; *Bridge* v. *Hubbard,* 15 Mass. 95; *Chadbourn* v. *Watts,* 10 Ib. 121; *Walker* v. *The Bank of Washington,* 3 How. S. C. R. 71; 1 Car. & Payne 397; 10 Smed. & M. 89; Chit. Cont. 608 (8th Am. ed.;) *Gellson* v. *Stearns,* 3 N. H. 185, as not directly in point but bearing on the case; *Reed* v. *Smith,* 8 Cow. 585; *Tuthill* v. *Davis,* 20 John. 285; *Jackson* v. *Packard,* 6 Wend. 415; *Steele* v. *Whipple,* 21 Ib. 103.

WRIGHT, J.—The reasoning used and principles recognized in *Smith, Twogood & Co.* v. *Coopers & Clark,* 9 Iowa 376, must settle this case against appellant. And to the same effect is *Campbell* v. *McHarg,* Ib. 354. The letter and spirit of these adjudications teach, that "however it may be covered by changes and substitutions, if usury be found to exist, either directly or indirectly, its taint continues and affects all the parts through which it runs. The substitution

of one contract for another, the taking a new note for the old one will not purge it."

If it satisfactorily appeared that the parties at the time of making the second note, intended to purge the contract of its usurious taint, and to so reform and correct it as that no part of the original illegal consideration entered into the note which is the basis of the present action, we should be clearly of the opinion that the ruling was erroneous. From the testimony, however, we conclude, that the court below was justified in believing that the transaction was a mere change or substitution, designed by the plaintiff to cover up the usury. If so, the taint attaches to the new note, and plaintiff could only recover his principal.

The law is, that if the usury is established, plaintiff shall have judgment for the principal sum without either interest or costs. A judgment is to be rendered also against the defendant for the forfeited interest, in favor of the State, for the use of the school fund. And while there is no declaration in the act under consideration, providing that judgment shall be entered against the plaintiff for costs, we think, under the general provisions of the statute, this may be done. Upon the issue joined defendant was successful, and was entitled, as a consequence, to recover his costs. (§1811 of Code of 1851.) It was not the intention of the statute to leave each party to pay his own costs in this class of cases. But the costs attending the determination of the issue should be taxed and judgment rendered therefor as in other cases, against the unsuccessful party.

Affirmed.