## EMERICK v. SLOAN.

1. **Jury:** TALESMEN. When, after all of the regular jurors but one had been excused by the court, a party demanded a jury trial, and insisted upon having the regular jury, and the court ordered the sheriff to fill up the panel with talesmen, and the cause was tried by a jury composed of one of the regular jurors and eleven talesmen, it was held that there was no such abuse of the discretion vested in the District Court, as to the manner of obtaining the requisite number of petit jurors, as to warrant the interference of the Supreme Court.

2. **Taxes:** SEIZURES OF PERSONAL PROPERTY. The treasurer may seize personal property for the payment of taxes, and sell the same, notwithstanding a portion of the land of the owner is advertised for sale for the payment of the same taxes. Personal property may be seized at any time before the sale of the land.

3. **Bill of exceptions:** EVIDENCE. The Supreme Court will not pass upon. a ruling of the District Court, in excluding evidence from the jury, when such evidence is not in the record.

4. **Taxes:** REPLEVIN. A taxpayer cannot maintain replevin for personal property seized for the payment of taxes by the treasurer, on the ground that a portion of the unpaid taxes were illegally assessed, if any portion of the unpaid taxes were properly assessed and due.

*Appeal from Van Buren District Court.*

FRIDAY, DECEMBER 23.

ACTION of replevin for three horses seized by the defendant as treasurer of Van Buren county, under a tax warrant for taxes assessed against the plaintiff. Trial by jury; verdict and judgment for defendant.

Plaintiff appeals.

*Joseph F. Smith* for the appellant.

*Knapp & Wright* for the appellee.

COLE, J. — I. When this cause was called for trial, the court had excused all the regular panel of jurors except

1. JURY: talesmen.

one. The plaintiff demanded a jury trial, and insisted upon having the regular jury, but did not ask for a continuance. The court ordered the sheriff to fill up the panel with talesmen, and a jury composed of the one on the regular panel and eleven talesmen were selected and sworn to try the issues. This order of the court is assigned as error. Ordinarily the number of petit jurors on the regular panel is fifteen (Rev., § 2732); and where two or more jury trials are had immediately succeeding each other, it is apparent that the jury in each case cannot all be of the regular panel. It would seem quite clear, then, that the right to a jury from the regular panel cannot be absolute. When, from any cause, the petit jurors fail to appear, and in certain cases, the court is authorized to cause jurors for the term to be forthwith summoned. (Rev., § 2738.) So when the requisite number of jurors cannot otherwise be obtained, the sheriff shall select talesmen to supply the deficiency. (Rev., § 3044.) The manner of obtaining the requisite number of petit jurors is so much a matter of sound discretion with the District Court, that this court will not interfere unless there has been an abuse of such discretion, or at least some prejudice therefrom has resulted to the party complaining. No such abuse or prejudice is shown in this case. See further on this subject, *Claussen* v. *La Franz*, 1 Iowa, 226; *Suttle* v. *Batie*, Id., 141.

II. It appeared in evidence that for a portion of the delinquent taxes, for the satisfaction of which the seizure

2. TAXES: seizure of personal property. was made, the treasurer had, before the seizure, advertised the land of plaintiff for sale. And it is claimed, therefore, that the defendant could not seize the personal property of plaintiff to satisfy the tax due, and especially that portion of the tax accruing upon the land which was advertised for sale. Such is not the law; he may sell the property upon which the taxes are levied, or any other personal or real property belonging to the person against whom the taxes are assessed.. Sec. 6 of ch. 24 of acts of Extra Sess. of Eighth Gen. Assembly, p. 33, which amends § 759 of Revision. If he had *sold* the real estate advertised, he could not again make the same taxes by the seizure and sale of other property, but until such sale he may make the taxes out of the personal property.

III. Whether the court erred in admitting in evidence the tax-books for 1857, 1858, 1859, 1860 and 1861, cannot be determined by us, since said books are not contained in 3. BILL OF EXCEPTIONS: evidence. the transcript. We cannot know, from the record before us, whether the books referred to were legal and competent testimony or not.

IV. The plaintiff offered to introduce in evidence the books of the township school district in which the plain- 4. TAXES: replevin. tiff resided, and for which the school tax mentioned ·in the delinquent taxes, for which the seizure was made, was levied. These books were offered to prove that the school district was not organized till after the years for which the taxes were assessed, and that there was no law authorizing the school taxes. But the court excluded the books, and would not permit the same to be introduced to prove the facts offered to be proved by them. The ground for excluding the books is not apparent ·to us; but, even if the ruling was erroneous, it could have worked no. prejudice to the plaintiff, since a large portion of the taxes for which the seizure was made, being legal,

the fact, if proved, that another portion was illegal, would not enable the plaintiff to maintain his action of replevin.

Affirmed.