## FISHER v. TICE.

1. **Libel:** SPECIFIC OFFENSES IN DEFENSE OR MITIGATION. In an action of libel or slander, the defendant cannot plead, either in defense or mitigation, that the plaintiff has been guilty of a specific crime in no way connected with the alleged defamatory words, or with the occasion on which they were written or spoken.

2. —— INSANITY OR MONOMANIA. The defendant to an action of libel may plead insanity or *monomania* upon the subject matter of the charge.

*Appeal from Jones District Court.*

FRIDAY, JUNE 15.

ACTION FOR DEFAMATION OF CHARACTER. — The petition alleges, with proper introductory and other averments, that the defendant wrote the following libelous words upon legal tender notes or greenbacks of, and concerning the plaintiff: " I. H. F. & Co." (meaning the plaintiff), " robbed C. C. T." (meaning defendant), " of five thousand dollars."

Other counts allege that he spoke the same words, and also words as follows: " There goes the d—d old rascal or thief (meaning the plaintiff), that robbed me of $5,000."

Various counts in the answer, not objected to, set out with great detail that the defendant is very old, weak in body and in mind; that the plaintiff had cheated him out of about five thousand dollars, money lent, and that it was to this that the defendant referred in writing, and speaking the words charged in the petition. Other portions of the answer were, on plaintiff's motion, stricken out, and the correctness of this ruling is the question made upon this appeal. Defendant appeals.

*C. R. Scott* and *S. T. Pierce* for the appellant.

*I. M. Preston & Son* for the appellee.

DILLON, J. — I. The court struck out of the answer the following: "Defendant avers that the plaintiff is not an honest man; that he has been guilty of the crime of altering and forging a promissory note given by one J. A. Peet to the plaintiff; that Peet was one of plaintiff's neighbors, and by reason of the injury thus done to said Peet, plaintiff has not been in good repute with his neighbors." This ruling was correct. In an action of libel or slander, the defendant cannot plead, either in defense or in mitigation, that the plaintiff has been guilty of a specific crime in no way connected with the alleged defamatory words, or with the occasion on which they were written or spoken. Defendant's counsel admit that heretofore this could not be done, but claim that the Revision, section 2929, has altered the rule in this respect.

*1. LIBEL: specific offenses in defense or mitigation.*

But this is a mistake. As heretofore it is the plaintiff's *general* character, that is in issue and not specific, particular

acts in no way related to the subject matter of the charge or the transaction in which the defamatory words had their origin.

II. While we admit, as contended for by appellant's counsel, that the defendant may plead insanity, or may plead *monomania* on the subject matter of the charge, yet this was not the substance or effect of the sixth count of the answer which was also stricken out by the court. This count alleges that plaintiff well knew certain facts, and "resorted to every means to vex and injure the defendant, knowing him to be insane on the subject of his lost claim as aforesaid," and there stops. It is difficult to say with what view this count was pleaded. It in no way refers to the defamatory words, or the occasion of them, and nowhere alleges directly the defendant's insanity. We affirm the action of the court in striking it out.

*2. — insanity or monomania.*

Affirmed.