# STATE OF IOWA;

## DES MOINES, JUNE TERM, A. D. 1867.

IN THE TWENTY-THIRD YEAR OF THE STATE.

---

PRESENT:

Hon. RALPH P. LOWE, Chief Justice.
" JOHN F. DILLON, ⎫
" CHESTER C. COLE, ⎬ Judges.
" GEORGE G. WRIGHT, ⎭

---

## Fountain v. West *et al.*

1. Jury: WAIVER OF CHALLENGE. A waiver by a party, in the first instance, to exercise a peremptory challenge, does not estop him from challenging a juror after the opposite party has challenged one. It seems that in such case, the waiver would count one in reckoning the number of challenges.

Vol. XXIII.—2

23    9
101  529,

23    9,
e118 688,

23    9
e122 236

23    9
124  718
o124 719
23    9
129   90

23    9
136  334

2. Libel: SPECIFIC OFFENSES. In an action to recover damages for the publication of a libel, it is not competent for the defendant to prove that plaintiff is guilty of specific offenses and particular acts not connected with that charged in the libel.

3. —— AGGRAVATORY MATTER. Nor will the defendants, in such an action, be allowed to prove that plaintiff is guilty of particular offenses in justification of statements contained in the libel which are only aggravatory to, and form no part of, the main charge.

4. Practice: WHO HOLDS THE AFFIRMATIVE. When, in an action for libel, the answer admits the signing of the libel, but denies all malice, amount of damages, intentional publication, etc., the plaintiff holds the affirmative of the issue, and is entitled to the opening and closing arguments.

5. Libel: JUSTIFICATION: BELIEF NOT SUFFICIENT. Though a libel only charges that the libelers "believe from circumstantial evidence" that the plaintiff is guilty of an offense therein imputed to him, it is no justification for defendants to prove that they so believed and had good reason to believe. The plea of justification tenders an issue of fact, and to sustain it, it must be proven that plaintiff was in truth guilty of the offense charged, and not merely that defendants so believed.

6. —— MITIGATION. Proof that the libelers believed the matter published to be true, goes only in mitigation of damages.

7. —— JUSTIFICATION: QUANTUM OF PROOF. In order to justify the publication of a libel imputing to another the commission of a crime, the defendants are bound to produce such evidence of the truth of the charge, as would convict the plaintiff if he were on trial therefor.

## Appeal from Harrison District Court.

### FRIDAY, JULY 12.

LIBEL: CONSTRUCTION OF WRITING: HOW JUSTIFIED: QUANTUM OF PROOF: PRACTICE: CHALLENGING JURY: ONUS PROBANDI, ETC.—The petition charges that the defendants wrote and published, concerning the plaintiff, the following writing, alleged to be false and libelous: "To J. Y. Fountain: Sir: We, whose names are hereto affixed, have good reason to believe from circumstantial evidence

and from threats that have been made to certain individuals, that you are the man that poisoned George West's cattle; knowing that you are a man who is guilty of all manner of meanness and rascality, and a man that bears the worst character of any man in Harrison county, and the only man we believe would be guilty of the like, therefore, if you are hereafter known to be guilty of any more villainous conduct or any more stock poisoning, you will be dealt with as justice may demand."

Averments that this writing was signed by the defendants, and that it was done by them, "to cause it to be suspected and believed that the plaintiff was guilty of the crime of poisoning cattle." Averments also, in an "amendment to the petition," that this writing was made and published, "to cause it to be suspected and believed that the plaintiff was guilty of the offenses and improper conduct therein imputed to him;" to his damage in the sum of $5,000 for which judgment is prayed. The answer denying all allegations not admitted therein, admits that defendants signed the writing, and avers that they believed it to be true; that they had reason to and did believe from circumstantial evidence and threats that the plaintiff did poison George West's cattle, and was guilty of all manner of meanness and rascality, etc. It is also averred that defendants did not intend to deliver the same to the plaintiff or to publish the same; but the same "was delivered to plaintiff by his own procurement," and that the plaintiff has not suffered in the least therefrom.

An amended answer alleges, in substance, as follows: That plaintiff cultivated a field of corn in the neighborhood of George West; that it was without sufficient fence to protect it from cattle; that the cattle which went into it "were taken sick (many of them dying), and the symptoms during such sickness indicated that said

cattle had been poisoned;" that plaintiff had "threatened, before that time, that he would. kill, fix or fix out said cattle, so that they would not trouble him: that his character was notoriously bad; that it was under these circumstances that the writing was gotten up and signed by defendants and other citizens; that they were, under these circumstances, justified in believing, as they did believe, that said cattle were poisoned by the said plaintiff, and the writing was gotten up and signed by the neighbors of the plantiff to *advise* him of the suspicion resting upon him, and to prevent any repetition of the said poisoning; and defendants deny all malice and ill will as charged." The foregoing is a full statement of the issues made by the pleadings, and on which the cause was tried to a jury, who returned a verdict for the plaintiff for $1,000. Judgment thereon. Defendants appeal. The other necessary facts are stated in the opinion.

The cause was submitted on written arguments by

*Clinton & Sapp* for the appellants,

*C. Baldwin* for the appellee.

DILLON, J. — I. In selecting the trial jury, twelve lawful men being in the box, both parties passed them for cause.

1. JURY: waiver of challenge. Plaintiff, being inquired of by the court, said he had no peremptory challenges to make. Defendants then challenged a juror peremptorily, and another lawful juror was called to fill the panel. Both these passed for cause. But the plaintiff was allowed by the court, against the defendants' objection, peremptorily to challenge one Tuck, who was on the panel at the time the plaintiff passed his first peremptory challenge. Tuck was directed to retire, and another was called to fill the panel. To this the defendants excepted. In argument,

Fountain v. West.

the defendants' counsel cite no section of the statute which was violated by the action of the court. It seems to us that the course pursued was unobjectionable. It certainly is, so far as we know, the usual one. As the jury first stood, the plaintiff was satisfied. Defendants' challenge changed its constitution. We see no good reason for confining the plaintiff to the new juror, or for refusing him the right to make a further peremptory challenge. His first waiver counted one. Laws 1862, p. 229, § 3.; see also *Emerick* v. *Sloan*, 18 Iowa, 140; *Davenport Gas-light Co.* v. *Davenport*, 13 Id. 229; *Spencer* v. *De France*, 3 G. Greene, 216.

II. The court refused to allow the defendants to prove, by witnesses, that the plaintiff had been guilty of *specific*
2. LIBEL: *offenses* and *particular acts of dishonesty*,
specific
offenses.     such as that, in 1859, he had stolen corn; that he had charged one witness with goods which witness paid him for at the time; that he wanted fraudulently " to put land and cattle in the name" of another witness; that he paid a witness five dollars in counterfeit money, etc. We are aware of no rule of law, and appellants have cited no case, which would allow proof to be made of specific offenses and particular acts of dishonesty, not connected with the transaction under investigation.

None of these matters were set up in the pleadings. The law presumes every man is prepared, at all times, to answer as to his general reputation. And hence the court in this case allowed defendants' witnesses to impeach the general character of the plaintiff. But the law does not presume that any man can come prepared to defend himself against specific, collateral acts and charges, not in issue in the cause. See *Fisher* v. *Tice*, 20 Iowa, 479; *Forshee* v. *Abrams*, 2 Id. 571.

Nor did the court err, in refusing to allow another witness, on the trial, to testify " that the plaintiff was in the

3. —— aggrava-
tory matter.   habit of committing larcenies; that he had stolen large quantities of timber, corn, posts, etc., and was thereby guilty of all manner of meanness and rascality." The court certifies that it sustained the objection to this evidence on the ground that the substantial charge, in the alleged libelous writing, was that plaintiff had poisoned George West's cattle, and the remainder was aggravatory matter to the main charge. The court accordingly confined the defendants, in proof of their justificatory plea, to facts and circumstances tending to prove that the plaintiff did poison the cattle. In our judgment the view of the court was manifestly correct. (*See fourth division of this opinion.*)

III. The answer denied all allegations in the petition

4. PRACTICE:
who holds the
affirmative.   which it did not admit; and, among other things, it denied all malice, denied amount of damages, denied intentional publication, etc.

Under these circumstances the court ruled rightly that the plaintiff held the affirmative of the issue, and had, therefore, the right to open and close the case. If there should be any doubt upon this point, it would require a very clear case of prejudice resulting from the action. of the court to justify reversing, for this reason, a judgment after trial upon the merits. *Woodward* v. *Laverty*, 14 Iowa, 381; *Smith et al.* v. *Cooper*, 9 Id. 376.

IV. The plaintiff asked, and the court gave to the jury, the following instructions: 1. "The truth of the libelous

5. LIBEL:
justification:
belief not
sufficient.   matter charged may be given in evidence by defendants under a plea of justification, but such plea tenders an issue of *fact* and not a mere matter of *belief*, and it is incumbent on defendants to prove the truth of the matter charged" under such plea; that is, as applied to this case, if defendants published the alleged writing, it is no *justification* that they *believed* plaintiff guilty of poisoning the cattle, but, to

Fountain v. West.

sustain such plea, defendants must prove that plaintiff did, in fact, poison the cattle of West. Claiming this to be erroneous, the defendants' counsel argue that the justification need only be as broad as the specific charge, and no broader. This rule is not denied. He then advances another step and claims that the charge is not that the plaintiff did in fact poison West's cattle, but only that the defendants "from circumstantial evidence had good reason so to believe, and did so believe."

In our judgment, the District Court held rightly that the writing in question could not be *justified* by defendants proving that they believed and had good reason for believing the plantiff guilty of poisoning the cattle.

It would be little less than holding out a bonus for the publication of libelous writings to decide that the party publishing could successfully take covert behind his belief. The law is tender of the reputation of the citizen. It seeks to protect it. It is no light matter to charge another with a crime, and publish it to the world. He who does so in a way which the law holds not privileged assumes the peril of proving it to be true. No other rule would adequately restrain indiscreet, passionate or malicious persons.

6. —— mitigation.

The court charged the jury that if defendants had reason to suspect and believe that the plaintiff had poisoned West's cattle, and published the writing under that belief, this (if plaintiff had not been proved guilty in fact), would only go in mitigation of damages. This ruling was sufficiently favorable to the defendants; and their exception thereto was not well taken.

7. —— justification: quantum of proof.

V. The court charged "the jury that if they had a reasonable doubt of plaintiff's having poisoned George West's cattle, the plea of justification is not made out," and defendants excepted.

Defendants' counsel contend this instruction is erroneous as to the *quantum* of evidence, claiming that a mere preponderance is sufficient, citing 1 Hill. on Torts, 445, pl. 47, and some other authorities. Under our statute, poisoning the cattle of another is a crime. It is true that some authorities hold that to justify such an offense, the defendant is not bound to. produce such evidence as would convict the plaintiff if he were on trial therefor. Other authorities hold just the contrary, and the latter rule has been so held in this State for many years. *Bradley* v. *Kennedy*, 2 G. Greene, 231; *Forshee* v. *Abrams*, 2 Iowa, 571; 2 Greenl. Ev. § 426. We do not stop to determine how we would decide, were the question *res integra*. The rule as adopted in this State has at least an equal weight of authority in its favor. It was adopted many years ago. The legislature has never seen fit to interfere. Under the circumstances we are not disposed to change it. It certainly has the effect to shield the character of the citizen from incautious assaults, as well as those actually malicious, by compelling full and strict proof of a charge imputing a criminal offense.

The foregoing embraces all the assignments of error of sufficient importance to require distinct notice. We have preferred to meet the questions upon the merits, rather than to avail ourselves of the objection made by appellee, that the record did not fully present them, because the depositions were not sufficiently identified by the bill of exceptions, and because all the instructions were not embraced therein.

Affirmed.