JOHN J. MEYER v. THE BOEPPLE BUTTON COMPANY, Appellant.

**Master and Servant:** RISK OF EMPLOYMENT: *Negligence and contributory negligence.* A servant was injured in the master's shop by stepping into a barrel of hot water sunk into the ground so that the top was flush with the surface. The servant contended that the accident was caused by the action of a vicious dog kept by the master. *Held*, that an instruction authorizing the recovery by the servant, on a finding that the action of the dog was not a risk assumed by the servant, and that such action caused the accident, was erroneous, for omitting consideration of the master's negligence in placing and maintaining the barrel, and the servant's freedom from negligence. It was, in effect, the direction of a verdict for plaintiff if the jury found that the acts of the dog was not a risk assumed and that such acts caused the injury suffered by plaintiff.

**Instructions:** PARAGRAPHING. Where instructions, as a whole, defined the issues; the fact that such issues are not grouped and stated in separate paragraphs is not error.

**REQUEST** *Equivalents.* Where the question of assumption of a risk of employment by a servant is covered by the instructions as given, the refusal to give requested instructions thereon is not error.

*Appeal from Muscatine District Court.* —HON. J. W. BOL-LINGER, Judge.

SATURDAY, OCTOBER 6, 1900.

ACTION to recover for personal injuries. Trial to jury. Verdict and judgment for plaintiff. Defendant appeals.— *Reversed.*

*Jayne & Hoffman* for appellant.

*E. M. Warner* and *Carskaddan & Burk* for appellee.

SHERWIN, J.—The plaintiff was employed in the defendant's button factory, and while passing from his workroom to a closet, some distance therefrom, he stepped into a barrel of hot water used for softening the shells from which the buttons were made, and one of his legs was scalded. The barrels were in the ground, with their tops flush with the surface thereof. No covering was over them, nor was there any guard around them. The plaintiff knew the situation of the barrels and their contents, but claims that while passing near them his attention was suddenly attracted by a large and vicious dog belonging to the defendant, and kept on the premises as a watchdog, and that while his attention was so taken the accident happened.

The issues in a case should be clearly defined by the court in its instructions to the jury, but it is not necessary that they be grouped and stated in separate paragraphs of the charge devoted to that purpose alone. It is enough if the instructions as a whole point out the entire issue in the case, and this was done in the case at bar. *Sillz v. Insurance Co.,* 71 Iowa 710; *Walrod v. Webster County,* 110 Iowa, 349. There is such evidence in support of the allegation of negligence on the part of defendant, and of want of contributory negligence on the part of the plaintiff, that we cannot disturb the judgment on account of want thereof.

The question of the assumption of risk by the plaintiff, if in the case at all, was fairly and fully covered by the instructions given, and there was no error in refusing to give those asked by the defendant on this subject.

The points in the other instructions asked by defendant and refused were sufficiently covered by those given by the court as its own.

The seventeenth instruction given by the court is in the language following: "(17) Were the actions and conduct of the dog, at the time of the accident, outside of, and foreign to, and not embraced in, the risks assumed by the plaintiff as an employe of defendant? And, if you find they were extraneous to such risk, and of such a nature they could not reasonably be foreseen or anticipated by him, were they, under the evidence before you, of such a character as would reasonably cause alarm or fright to such a degree in the plaintiff, as a man of ordinary caution, prudence, and nerve, as to draw his attention to the dog, and to cause him to forget the hot-water barrels before him, and involuntarily step into one of them? If you answer in the affirmative, your verdict should then be for the plaintiff." It will be seen that the court therein omitted the necessary element of negligence on the part of the defendant, and of the want of contributory negligence on plaintiff's part, and, in effect, directed a verdict for the plaintiff upon the findings alone that the action of the dog was no part of the risk assumed by the plaintiff and caused the accident in question. Plaintiff had no cause of action against the defendant except upon proof of negligence in placing and maintaining the barrels in the position they were, and upon proof of no negligence on his part, and these were questions of fact instead of law, and should have been incorporated in the positive instruction given, for the jury to determine. *Quinn v. Railway Co.,* 107 Iowa, 710. We discover no other matters

demanding attention. For the error pointed out the case is
REVERSED.

GRANGER, C. J., not sitting. .