A. I. SHAFFER v. DES MOINES COAL & HAY COMPANY, WM.
W. SELLEY, AND S. A. MONTIS, Appellants.

**Account: ARGUMENT: OPENING AND CLOSING.** Under the present
statute the right to open and close the argument is to be determined by the court upon the issues as made by the evidence, and not upon those presented by the pleadings, but a judgment upon the merits of the case will not be disturbed because of an error respecting the order of argument, in the absence of a showing of prejudice.

**Account: INSTRUCTION.** Where a settlement is pleaded in defense to an action on an account, and there is evidence as to a dispute respecting an item of the account, an instruction that such item was controverted and that the jury might take the same into consideration in determining whether there was a settlement, was not objectionable.

*Appeal from Polk District Court.*—HON. C. A. BISHOP,
Judge.

TUESDAY, JANUARY 19, 1904.

ACTION for $238.53 on account of hay and straw sold defendants. The answer admitted the purchase at the prices stated, but alleged that delivery was to be made in Des Moines, and that freight charges to that point should be deducted. The defendants also pleaded that a settlement was had June 6, 1901, at which $62.50 was found to be owing plaintiff; that $25 of this was paid at the time, and $13.09 subsequently for freight, which was included in the account; that later $100 was sent plaintiff, of which $24.41 was in payment of the balance and $75.59 advanced on future shipments. This last amount was demanded in a counterclaim. There was a trial to the jury, and a verdict and judgment for the amount claimed in the petition. The defendants appeal.—*Affirmed.*

*S. G. Van Auken* and *Bowen, Brockett & Alberson* for appellants.

*Carr & Parker* for appellee.

LADD, J.—The plaintiff began shipping hay and straw from Marathon to the Des Moines Coal & Hay Company in November, 1900, and continued so to do at intervals until June 4, 1901. The pleadings raised no issue as to quality or price. They did put in issue whether the freight was to be paid by plaintiff. The evidence in his behalf tended to show that the hay was to be delivered on board of the cars at Marathon or Sioux Rapids at the prices named, while the defendants denied that the subject of freights or place of delivery were mentioned prior to the latter part of December, 1900. They paid the freight up to that time without noticing the matter in their letters to the plaintiff or entering the same in his account. Selley testified to having then found fault with the hay, and to an understanding thereafter that they were to pay the freight, and deduct it from the price of the hay. The plaintiff denied having had such a conversation. The evidence concerning the settlement alleged was in conflict. This much of the record is essential to a fair understanding of the assignments of error argued. After all the evidence had been introduced, counsel for defendants demanded the opening and closing argument to the jury. This was denied, although but two questions —whether there was a settlement and whether plaintiff, in selling the last car of hay, had represented the freight to have been paid—were submitted to the jury, and on both the burden of proof declared to be upon the defendants. The burden of the issue as made by the pleadings was undoubtedly upon the plaintiff. Counsel for defendants concede that they misapprehended what the evidence would disclose until introduced. We have a case,

then, where the contest throughout the trial had been
along the lines laid down by the pleadings, and the develop-
ment at the close that under the evidence introduced
the burden of proof upon the only controverted questions
for the jury's decision was on the defendants. Which
party was entitled to the opening and closing argument
to the jury?

Under the Code of 1873 this was determined by an
examination of the issues as made by the pleadings.
*Milwaukee Harvester Co. v. Crabtree*, 101 Iowa, 526.

1. ARGUMENT: But since that decision the statute has been
opening and
closing.    changed, and, as was observed in *Schoonover
v. Osborne*, 117 Iowa, 427, "the right to open is to be
settled after the introduction of evidence, and not, as
formerly, before the trial begins." After all the evidence
has been received, "the parties then may either submit or
argue the case to the jury. In argument the party then hav-
ing the burden of the issue shall have the opening and clos-
ing," etc. Sec. 3701, Code. If an issue made in the plead-
ings is without support in the evidence, or is established by
the evidence without any conflict, it is not an issue in the
case for the determination of the jury, and neither party
has the burden with respect thereto. By the insertion of
"then" after "party", in the second sentence in the statute
as it formerly stood, the legislature evidently intended to
eliminate all questions not raised by the evidence, and
that the party having the burden on the issues of fact to
be decided by the jury should have the opening and clos-
ing argument. This is a time-honored rule of debate,
sanctioned by centuries of experience, and there is no
reason for denying its wisdom in forensic discussions.
But under the decision of this court, although there is a
conflict of authorities elsewhere (15 Encyclopedia, Plead-
ing & Practice, 209), the ruling was purely a matter of
practice, not to be reviewed unless there is some affirma-
tive showing of an abuse of discretion resulting in preju-

dice to the party complaining. *Viele v, Germania Ins. Co.*, 26 Iowa, 9, 44; *White v. Adams*, 77 Iowa, 295; *Smith v. Coopers*, 9 Iowa, 376; *Woodward v. Laverty*, 14 Iowa, 381. In *Goodpaster v. Voris*, 8 Iowa, 334, it was not thought to be "a proper matter upon which to base an appeal." In *Fountain v. West*, 23 Iowa, 9, the court, speaking through Dillon, J., said: "It would require a very clear case of prejudice, resulting from the action of the court, to justify reversing, for this reason, a judgment on the trial on the merits." In *Preston v. Walker*, 26 Iowa, 205, the court, by Wright, J., declared that the "rule must be regarded as settled that, while the right to review such a question is not absolutely denied, yet there must be a clear case of prejudice to justify a reversal on this ground." To the same effect, see *Ashworth v. Grubbs*, 47 Iowa, 353; *Delaware County Bank v. Duncombe*, 48 Iowa, 488; *Dent v. Smith*, 53 Iowa, 262; *Van Horn v. Smith*, 59 Iowa, 142. Unless, then, the defendants were prejudiced by this error of the trial court, the judgment ought not to be reversed. They had persisted in putting him to the proof throughout the trial, until their evidence had disclosed the absence of any defense save that of settlement. If the burden as to one issue is on the plaintiff, he is entitled to the opening and closing, although such burden as to half dozen other issues may rest upon the defendant. In the natural course of events, the party having the affirmative of each issue cannot always be awarded the opening. A decision as to who is entitled to it does not deprive either party of the right to be heard. The question goes merely to the order of hearing. The issues in the instant case were simple and direct, and the evidence so brief as to be readily retained in the memory of the jurors. A careful examination of the record has failed to convince us that any prejudice resulted to defendants from the error in not awarding their counsel the opening and closing argument to the jury.

II.   The court, in submitting the issue as to settlement, stated in the second paragraph of the charge that there was some controversy between the parties with respect to freight paid for the shipment of the hay, and in the seventh paragraph that the jury might take into consideration, in determining whether there was a settlement, such controversy, if any there was.   The criticism made is that there was no evidence of any controversy.   But Selley had testified that in December, 1900, "we told him [Shaffer] we could not take any more hay at that price. * * * He wanted to know how we could fix it up.   He wanted the hay to come, and made the proposition that we deduct the freight from it, and he would pay the freight on the hay. We told him, Very well, if he would, we would let it stay on. * * * We were to pay the freight and take it out of the hay."   As plaintiff denied having any talk concerning the freight, there was some controversy concerning liability therefor.

2. ACCOUNT: instructiion.

The argument upon the admission of a letter proceeds upon the assumption that the entire letter was introduced in evidence.   Only that portion directing counsel for plaintiff to make demand for payment immediately was offered, and, having no bearing on the issues, could not have affected the result.—AFFIRMED.

BISHOP, J., taking no part.