S. W. FARMER, Appellant, v. TOM V. NORTON.

**Argument:** RIGHT TO OPEN AND CLOSE: DISCRETION. A defendant ought not to be permitted to obtain the right to open and close the argument by pleading an affirmative defense which is in effect a denial of the cause of action; but this question is largely one of discretion and the ruling of the trial court will not be interfered with in the absence of a showing of abuse of its discretion.

**Same.** The admission of allegations charging a simple conversion of property without alleging that the same was fraudulent, is not an admission of the crime of embezzlement so as to transfer to defendant the right to open and close, on an issue presented by a counterclaim for malicious prosecution of such offense.

**Malicious prosecution:** SUBMISSION OF ISSUE. In the submission of a counterclaim for damages for a malicious prosecution, there was no error in failing to submit the question of defendant's actual guilt of the crime charged as distinguished from plaintiff's belief of such guilt based on advice of his counsel, since there was no evidence of actual guilt.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

MONDAY, NOVEMBER 20, 1905.

ACTION to recover a sum of money due on open account, and an additional sum as damages for conversion of certain store fixtures. By way of counterclaim defendant sought to recover against plaintiff damages for alleged malicious prose-

cution. Defendant conceded plaintiff's right to recover the amount stated in his petition, and on the trial of the counterclaim the jury found for defendant damages in the sum of $500, and returned a verdict for the difference between that amount and the amount of defendant's conceded indebtedness to the plaintiff. Judgment was rendered on this verdict, and plaintiff appeals. *Affirmed.*

*Thomas J. Guthrie* and *Spurrier & Mills,* for appellant.

*Crockett, Gillespie & Bannister* and *Parrish, Dowell & Parrish,* for appellee.

McCLAIN, J.— I. It is contended for appellant that the court erred in awarding to defendant the right to open and close; and for a correct understanding of this contention it is necessary to state with some particularity

1. ARGUMENT: right to open and close: discretion.

the nature of the pleadings. In the first count of the petition it is alleged that plaintiff loaned defendant certain sums of money on open account, and this cause of action is admitted by the defendant. In the second count of the petition it is alleged that plaintiff was the owner of certain store fixtures, that he permitted defendant to take charge of said fixtures, and that defendant converted the same to his own use and refused to pay the plaintiff the reasonable value thereof, though often requested to do so.

The answer to this count was that, while plaintiff had no interest in the fixtures, the defendant borrowed of plaintiff money with which defendant purchased said fixtures, which sum he has never repaid, and that plaintiff would be entitled to a judgment against defendant therefor, except for defendant's counterclaim. In this condition of the record, it was, perhaps, error for the trial court to rule that defendant admitted plaintiff's cause of action, and award the opening and closing to the defendant; for defendant did not admit any indebtedness for conversion of the fixtures, but confessed an indebtedness for borrowed money on account of

which no claim had been made by the plaintiff. Plaintiff was manifestly not bound to accept an offer of judgment for borrowed money and abandon his alleged right to recover for conversion. It might be very material to plaintiff to have a judgment on the cause of action which was alleged, rather than a judgment for a like amount on some other cause of action under which indebtedness was admitted by defendant. A party cannot, by more ingenuity in pleading, as, for instance, by putting his answer in the form of an affirmative allegation, rather than a specific denial, deprive his opponent of the right to open and close, if the substantial effect of the pleading is to controvert the truth of the essential averments of the petition. Sorensen v. Sorensen (Neb.) 94 N. W. Rep. 540.

But the question as to which party has the burden relates, after all, merely to the procedure, and the ruling of the court with reference thereto will not be interfered with on appeal, unless an abuse of discretion is shown which has been prejudicial to the appellant. This is not one of the cases where prejudice is to be presumed; but, on the other hand, to justify a reversal on such grounds, prejudice must be made to appear. Oxtoby v. Henley, 112 Iowa, 697; Ashworth v. Grubbs, 47 Iowa, 353; Preston v. Walker, 26 Iowa, 205; Fountain v. West, 23 Iowa, 9; Smith v. Coopers, 9 Iowa, 376, 379.

But counsel for appellant claim that there was substantial prejudice, because, in the counterclaim for malicious prosecution predicated on an arrest of defendant at plaintiff's complaint for the crime of embezzling

2. SAME.    the fixtures referred to in the second count of plaintiff's petition, the guilt of defendant was directly in issue, and if, as the court ruled, the answer of defendant to the second count of plaintiff's petition amounted to an admission of the facts alleged, such as to justify the court in awarding the opening and closing to defendant, then plaintiff's defense to the counterclaim was established, while,

if the answer did not amount to an admission of the conversion of the property, plaintiff should have been allowed to have the advantage of the opening and closing as to the whole case, including the counterclaim. The difficulty with this argument is that the allegations of count two of the petition, even if fully admitted, would not show the commission of a crime by defendant. What is alleged is that plaintiff permitted defendant to take charge of the fixtures, and that defendant converted the same to his own use and refused to pay plaintiff the reasonable value thereof, though often requested so to do. This amounts to nothing more than an ordinary charge of conversion of property such as is necessary to entitle plaintiff to recover damages in a civil action, and it is not necessary to cite authorities to the effect that something more must be established to constitute a criminal conversion, which may be punished as embezzlement.

There is no allegation of a fraudulent conversion, such as described by Code, sec. 4841, as constituting embezzlement by a bailee; and the plaintiff is not in a situation to complain that he was not allowed to prove conversion as a part of his original cause of action under the second count of his petition, in view of the full opportunity which was given him to establish such conversion as an element of the crime with which he charged the defendant in the criminal case. It is plain that the real controversy between the parties was as to the cause of action for malicious prosecution set up in the counterclaim, and as to this cause of action, considered by itself, the right to open and close was with the defendant.

II. The instructions given are assailed on the ground that they do not present to the jury the proposition that, if the defendant was actually guilty of embezzlement, the knowledge of that fact on the part of plaintiff at the time of instituting the prosecution was immaterial; the contention being that if there was guilt in fact there can be no recovery for the prosecution, although the prosecutor had no knowledge of the fact of guilt

3. MALICIOUS PROSECUTION: submission of issue.

at the time of filing information. As the prosecution was dismissed by the justice of the peace before whom complaint was made, it is conceded that if there was a *prima facie* showing of circumstances within the knowledge of plaintiff at the time he made complaint, such as would justify the belief of a reasonable man, acting under the facts within his knowledge, that the person charged was guilty of crime for which he was prosecuted, then probable cause was shown. The contention for appellant is that the court should have instructed that, if defendant was guilty of the crime, there was sufficient probable cause, regardless of knowledge of that fact on the part of plaintiff when the complaint was made. The difficulty is that the case was not tried on any such theory. It is true that in an amendment to his counterclaim defendant alleged that the charge against the defendant was wholly false and untrue, and that he was not guilty of the crime charged against him; but the reply on the part of plaintiff alleged a reliance on advice of counsel, and it was to the issue thus raised that plaintiff's evidence was directed. The instructions on this issue are not complained of, and the jury found against the plaintiff thereon.

There is no evidence on the part of plaintiff as to the actual guilt of the defendant to require the submission of that question to the jury, as distinct from that of reasonable belief on the part of plaintiff with reference to defendant's guilt and his reliance in good faith on the advice of counsel. It was not error, therefore, in the trial court to fail to submit to the jury the question of defendant's guilt as distinct from the question of plaintiff's reasonable belief of such guilt. We need not, therefore, pass upon the question whether the guilt of defendant, as distinct from reasonable ground of belief on the part of plaintiff with reference thereto, would constitute a defense to the counterclaim for malicious prosecution, nor upon the correctness of the instructions asked on behalf of appellant relating to that subject.

The judgment of the trial court is *affirmed*.