CITY BANK OF MITCHELLVILLE et al., Appellees, v. L. O. AL-CORN et al., Appellants.

**TRIAL:** Instructions—Combining Defense and Avoidance. Conflict does not necessarily result from presenting defendant's defense and plaintiff's avoidance thereof in one and the same instruction.

**ESTOPPEL: Failure to Show Prejudice.** Pleading estoppel and
2  proving all elements thereof except *prejudice* avails nothing.
So held where plaintiff pleaded that, owing to reliance on a
guaranty, he had failed to institute bankruptcy proceedings
against the principal debtor, but failed to prove that he would
have realized anything, had he instituted such proceedings.

**APPEAL AND ERROR: Scope of Review—Reversal in Any Event.**
3  Principle recognized that, when there must be a reversal in
any event, the court will not express an opinion on an assign-
ment on which the court may not be able to agree.

**APPEAL AND ERROR: Order of Argument—Abuse of Discretion.**
4  Error in regard to the order of arguments will not effect a re-
versal, in the absence of a showing of abuse of discretion and
consequent prejudice.

**TRIAL: Argument—Opening and Closing.** Defendant has the right
5  to open and close the argument, when defendant (1) confesses
and (2) pleads affirmative avoidance, and plaintiff (1) denies
and (2) pleads estoppel.

*Appeal from Polk District Court.*—THOMAS J. GUTHRIE,
Judge.

MARCH 10, 1920.

EMMA Alcorn, in writing, guaranteed a promissory
note made by L. O. Alcorn. She defends that her guarantee
was not to be effective until it was approved by L. O. Al-
corn, and that no such approval was had. The plaintiff
urges that Emma is estopped to make this defense. Judg-
ment went against the guarantor, and she appeals.—*Re-
versed.*

*Miles & Steele, Clark, Byers & Hutchinson, H. N. Han-
sen,* and *Roe P. Thompson,* for appellant.

*Stipp, Perry, Bannister & Starzinger,* for appellees.

SALINGER, J.—I. The complaint that the court refused
to give Instruction 1, offered by defendants, is sufficiently
answered by pointing out that the very words of said of-

fered instruction may be found in part of Instruction 7, given by the court.

II. The first part of Instruction 7 charges that Emma Alcorn should have the verdict, if she has established her claim that her guaranty was not to be effective until it had the approval of L. O. Alcorn. It is com-

1. TRIAL: instructions: combining defense and avoidance.

plained that Instruction 7 is in conflict with itself, because it is further charged therein that, if plaintiff has proven the estoppel alleged by it, it should have the verdict. We can see no conflict. In effect, the instruction as a whole is that, if defendant establishes her claim, she must have the verdict, unless plaintiff has established an avoidance to that claim. It amounts to telling the jury that proving the affirmative defense makes a prima-facie case for defendant, but that this case is overcome if it is found that defendant has lost the right to urge this defense.

III. The plaintiff averred that, in reliance upon the guaranty executed by Emma Alcorn, it allowed the time to lapse wherein it might have instituted bankruptcy proceedings against the principal maker of the

2. ESTOPPEL: failure to show prejudice.

note, L. O. Alcorn; that it would have instituted said proceedings in due time, if it had not been for such reliance, and that, therefore, Emma Alcorn is estopped to repudiate her guaranty. It is complained there is no evidence that justifies the submission of this issue. Let us assume, for the sake of the argument, that there was this reliance, and that, therefore, no bankruptcy proceedings were instituted. But does that furnish a basis for the estoppel urged? An estoppel is not favored in the law, and strict proof of all its elements is demanded. *Baldwin v. Lowe*, 22 Iowa 367; *Anfenson v. Banks*, 180 Iowa 1066. In cases other than those involving inconsistent conduct in court, there is no estoppel unless there be prejudice shown. It is not enough that the bank

was induced not to institute the bankruptcy proceedings, but there must be some evidence that something was lost by failing to institute them. If there be any evidence on the subject at all, it indicates that L. O. Alcorn was so hopelessly insolvent that the institution of bankruptcy proceedings would have gotten the bank nothing, except an opportunity to pay court costs and attorney fees. At any rate, there is absolutely no evidence that the bank would have realized anything whatever by means of such proceedings. True, it can be gathered from testimony of Emma Alcorn that, if L. O. were given enough time, he might do something for his creditors. It may be loosely said that, if enough time be given anyone who is utterly insolvent, he may acquire property. The fact remains that, putting it at its mildest, there is no evidence that, if plaintiff had instituted the bankruptcy proceedings, that it would have been one penny better off. It follows that, though it refrained from instituting these, in reliance upon the conduct of Emma Alcorn, there is no evidence of prejudice. It follows, in turn, the court should not have submitted said estoppel in that state of the evidence.

IV. The appellant asked the submission of two interrogatories, to wit:

"(1) Was it the understanding and intention of defendant Emma Alcorn that the written guarantee referred to in plaintiff's petition should be presented to L. O. Alcorn, and his approval and consent thereto secured before the same should have force and effect?"

3. APPEAL AND
ERROR: scope
of review: reversal in any
event.

"(2) Do you find that the written guaranty referred to in the petition was signed by Emma Alcorn, with the understanding and promise on the part of plaintiff's representative that same should be presented to L. O. Alcorn for his consent and approval?"

The court declined to give either, and this action is

complained of. We might not all be agreed on whether it was or was not error to refuse the submission of these interrogatories. See *King v. Chicago, R. I. & P. R. Co.,* 185 Iowa 1227. Since there must be a reversal in any event, we will follow the rule laid down in *State v. Asbury,* 172 Iowa 606, many times approved since, and not pass upon this point on this appeal.

V. Appellant asserts she had the burden of proof, and that, therefore, it was error to deny her the opening and closing of the argument. If it was error, an error in regard to the order of the arguments is not reversible, unless it appears there was an abuse of discretion in what is a mere matter of practice, and that therefrom prejudice has resulted. We do not think there was any abuse of discretion. *Farmer v. Norton,* 129 Iowa 88; *Preston v. Walker,* 26 Iowa 205, 208; *Ashworth v. Grubbs,* 47 Iowa 353; *Shaffer v. Des Moines Coal & H. Co.,* 122 Iowa 233.

4. APPEAL AND ERROR: order of argument: abuse of discretion.

In view of a retrial, we think it not amiss to add that, if the record remains the same, the defendant should be allowed the opening and closing. The signing of the note is admitted by the defendants; so is the signing of the guaranty. The defense is an affirmative one, to wit, that the guaranty was to be effective only if approved by L. O. Alcorn, and that he had failed to approve it. This the bank meets with both a denial and an affirmative allegation, urging an estoppel. We are of opinion that, since defendants made the first affirmative plea, and had the burden of proving it, the right to open and close is not taken away because this affirmative plea is denied and is met with an affirmative plea upon which the plaintiff had the burden.

5. TRIAL: argument: opening and closing.

For having submitted the issue of estoppel, the judgment below must be and is—*Reversed.*

Weaver, C. J., Evans and Preston, JJ., concur.