McLaughlin-Gormley-King Company, Appellee, v. E. J. Hauser et al., Appellants.

**VENUE:** Action on Fraud-Induced Contract—Waiver of Right to Change of Venue. A defendant who, when sued on a fraud-induced contract in the county in which performance has been stipulated, has knowledge of the fraud, must, at the appearance term, file both his answer and his application for change of venue to the county of his residence, or the right to such change will be deemed waived. Right to such change will not be preserved by taking a continuance under a stipulation deferring answer until the ensuing term.

**TRIAL:** Argument—Right to Open and Close—Discretion of Court. Broad discretion is lodged in the trial court on the question whether plaintiff or defendant shall be accorded the opening and closing arguments.

**TRIAL:** Instructions—Applicability to Evidence—Joint Defendants. It is *essential* that the court, in an action against joint defendants, instruct in such manner that the jury may, *under supporting evidence,* find against certain defendants and in favor of certain other defendants.

**TRIAL:** Instructions—Conflicting Instructions—Excluding and Including Defenses. It is reversible error, in an action in which several distinct defenses, each all-sufficient in itself, are pleaded and evidentially supported, for the court, in covering one of these defenses, peremptorily to instruct that, if the jury finds that the defense is not established, it "need go no further in this case, but your verdict should be for the plaintiff;" and this is true though the court later proceeds to instruct properly on each of the remaining defenses.

Headnote 1: 40 Cyc. pp. 125, 148, 149 (Anno.)  Headnote 2: 38 Cyc. p. 1301.  Headnote 3: 38 Cyc. p. 1759 (Anno.)  Headnote 4: 38 Cyc. pp. 1632, 1633, 1634, 1783.

*Appeal from Jasper District Court.*—D. W. Hamilton, Judge.

March 10, 1925.

Rehearing Denied June 25, 1925.

Action at law upon four promissory notes. The plaintiff was not the payee of the notes, and claims to be a holder in due course. The defendants pleaded fraud in the inception of the notes, and that the same were negotiated in breach of faith, and without authority so to do; that the payee was fictitious; and that there was a failure of consideration. The cause was submitted to the jury, which returned a verdict in favor of the plaintiff; and the defendants appeal.—*Reversed.*

*Lundy, Peisen & Soper, Lee & Garfield,* and *Cross & Hammill,* for appellants.

*Don E. Neiman* and *E. M. S. McLaughlin,* for appellee.

Faville, C. J.—The cause has once before been before this court. *McLaughlin-Gormley-King Co. v. Hauser,* 195 Iowa 224. The general facts in the case are stated in the opinion on the former appeal, and it is unnecessary that they be repeated herein.

I. Appellants predicate a claim for reversal on the refusal of the court to sustain appellants' motion for change of venue.

It is difficult for us to learn from the abstract, or from the arguments, the exact course of events and the dates thereof; but, as nearly as we can ascertain, the cause was continued, by agreement between the attorneys, from the September term, which was the appearance term, until the December term of court, and was continued from the December term to the February term, by the adjournment of court. At the February term of court, a stipulation was entered into between the parties, which provided that:

**1. Venue: action on fraud-induced contract: waiver of right to change of venue.**

"The cause may stand continued to the next term of this court, and the defendant is hereby relieved from filing any pleading or answer until the next term of this court."

The next succeeding term was the April term, at which time appellants filed answer, alleging fraud in the inception of the notes, and also a motion for a change of venue to Hardin County, which was the county of appellants' residence. The trial court denied the motion for change of venue.

There was no allegation by appellants that the fraud pleaded was not known to appellants before the appearance term and before the continuances in the case were had.

The situation is governed by Section 3505, Subsection 6, Code Supplement, 1913, and Section 3506 of the Code of 1897. We have had occasion to construe these sections a number of times, and have held that they must be construed together. Code Supplement, 1913, Section 3505, provides for a change of venue where the action is brought on written contract in the county where the contract, by its express terms, is to be performed, in which action the defendant who resides in a different county has filed a sworn answer alleging fraud in the inception of the contract. Code Section 3506 provides that a change of venue shall not be awarded until the issues are made up, "nor shall such application be allowed after a continuance, except for a cause not known to the affiant before or arising since such continuance."

· The answer filed by appellants at the April term of court was sufficient to comply with the requirements of Paragraph 6, Section 3505, Code Supplement, 1913. Therefore, it was mandatory upon the district court to grant the application for change of venue, unless, by virtue of Section 3506, appellants, at the time of applying for the same, were not in a position to demand such change. Section 3506 provides that the change shall not be awarded until the issues are made up in such case, and that the application shall not be allowed after a continuance, except for a cause not known to the affiant before, or arising since, such continuance.

Appellants contend that the continuances had of the case did not operate as a bar to their rights to subsequently file a motion for a change of venue, because the change could not be granted until the issues were made up; and that the stipulation that the case should be continued without the making up of the issues was, in effect, a waiver by appellee of the provisions of

the statute. There having been two continuances of the case after the appearance term, under the express provisions of the statute appellants would not be entitled to a change of venue without a showing that the fraudulent matter pleaded was not within their knowledge at the time the continuances were granted. This, without more, would be a complete bar to their right to a change of venue. *Bilbo v. District Court of Ringgold County,* 192 Iowa 1246.

Appellants' contention, however, is that they were not required to file the motion for a change of venue, under the statute, until the issues were made up; and that a stipulation that there should be a continuance, and at the same time a waiver by appellee of the time of filing answer, left the whole matter in abeyance, so that the continuance did not operate to defeat the right of appellants to file answer at a later term; and that they filed motion at the time the issues were made up. ·

The statutes provide that the change of venue shall not be granted "until the issues are made up," and that it shall not be granted "after a continuance." Appellants' position is that the stipulation continuing the case and extending the time for making up the issues operated in their behalf, and that the continuance so obtained does not bar them of their right to subsequently file a motion for change of venue when the issues were finally made up.

It appears that two continuances had been had before the stipulation was entered into. The stipulation evidently operated to the advantage of appellants, in that they were not required to plead at the February term. Such a continuance of the case having been obtained, the cause comes squarely under the clause of the statute which provides that a change of venue shall not be granted "after a continuance." The provision of the statute that the motion for a change of venue shall not be granted "until the issues are made up" is not available to appellants, under the facts of this case, where the time for filing an answer was extended by stipulation, and where appellants received the benefit thereof, as well as of a continuance of the case. The stipulation was not broad enough by its terms to preserve to appellants the right to file a motion for a change of venue notwithstanding the continuance that was obtained, even

if such a stipulation could be recognized, under the statute. It is not enough for appellants to say that they were not required to file a motion for change of venue, no matter how many continuances were had, until the issues were made up. The statute places a limitation upon a defendant in an action of this kind, to obtain a change of venue. Primarily, the court in which the action is brought on a contract made payable at a certain place, has jurisdiction of the subject-matter. That jurisdiction is to be ousted only if proper application is made therefor before any continuance of the case is had, and after the issues are made up, except where the defense of fraud is unknown at the time. It devolves upon a defendant who has knowledge at that time of the fraud he expects to plead, to make up the issues in the case and file his application for change of venue before any continuance of the case is had. If he stipulates for a continuance of the case without making up the issues, he thereby waives his right to thereafter file a motion for change of venue at some subsequent time when the issues are in fact made up. The alternative is preserved to a defendant in such a case who has knowledge of the fraud upon which he relies as his defense, to tender the issue and move for a change of venue before any continuance of the case is had. If he sees fit, however, not to tender issue in the case, and to consent to a continuance, he cannot thereafter claim his right to file a motion for a change of venue when the issues are finally made up, even though the opposing party has stipulated that the time for making up the issues may be extended. It rests in the hands of a defendant, under such circumstances, to choose his method of procedure; but, if he elects to consent to a continuance of the cause, with knowledge of the fraud he expects to plead, even though there be a stipulation that the time of making up the issues be postponed, he has deprived himself of the benefit of the statute, and cannot thereafter claim the right to a change of venue when the issues are ultimately made up.

It is to be noticed that the case is not one where the cause was continued without knowledge on the part of appellants of the fraud which they subsequently pleaded, as in *First Nat. Bank of Iowa Falls v. District Court of Hardin County*, 193 Iowa 561.

We are of the opinion that the court did not err in refusing to grant the motion for change of venue. See *Bilbo v. District Court of Ringgold County*, supra.

II. One of the appellants, as a witness, was asked to state with whom he believed he was dealing, at the time he consented to the delivery of the notes in suit. Objection to the interrogatory was sustained. Appellants contend that there was error, upon the theory that, where the intention of a party is material in the trial of a case, evidence of his state of mind in relation thereto is admissible. Even if the rule of law be conceded to be as contended for by appellants, there was no reversible error at this point, because the witness afterwards testified that he believed he was delivering the notes in suit to a corporation, and dealing with a corporation.

III. It appears that a previous action had been commenced by appellee in Polk County against the appellant Gibford, which was aided by attachment. An amendment to the petition in said cause was verified by appellee's agent, and contained an allegation that demand had been made upon Gibford, who had failed to pay or secure the claim. Appellants offered this verified amendment in evidence; and, upon objection, it was excluded.

It appears that the suit in Polk County was on an additional claim to the notes secured by the collateral in this case. The materiality of the allegations of the amendment to the petition verified by the agent of appellee does not appear. The trial court did not err in excluding this testimony.

IV. Complaint is made of Instruction No. 4, wherein the court instructed the jury that it might not take the statements of appellants as absolutely true, but was to determine from all of the facts and circumstances upon the trial of the case whether they were in fact true. The instruction was not erroneous.

V. At the close of the evidence, appellants claimed to be entitled to the opening and closing arguments in the cause, and asked that they be allowed the same. This was denied by the trial court.

Even if it be conceded that, under the issues, appellants were entitled to the opening and closing arguments, it is not altogether clear that the court committed reversible error in

denying appellants' request for the right to have the opening and closing arguments in the case. In *O'Conner v. Kleiman*, 143 Iowa 435, we said:

2. TRIAL: argument: right to open and close: discretion of court.

"As a rule, large discretion must be permitted on such a question to the trial court, and we will not reverse on such ground, unless an abuse of discretion and prejudice appear."

To the same effect, see *City Bank of Mitchellville v. Alcorn*, 188 Iowa 592; *Farmer v. Norton*, 129 Iowa 88; *Fenton v. Iowa St. Trav. Men's Assn.*, 139 Iowa 166; *Shaffer v. Des Moines Coal & Hay Co.*, 122 Iowa 233.

We think there was no such abuse of discretion as requires interference on our part.

VI. The notes in suit were signed by the eight appellants jointly. A joint answer was filed, in which appellants alleged certain fraudulent and false representations in procuring the same.

No request for instructions was submitted by appellants It is now urged that the court should have submitted to the jury instructions and forms of verdict by which the jury might have found in favor of certain appellants and against others. But two forms of verdict were submitted: one by which the jury could find for appellee and against all of the appellants, and one by which the jury might find for appellants.

3. TRIAL: instructions: applicability to evidence: joint defendants.

It appears that certain of the representations made, and some of the transactions involved, were had with the individual appellants, and not as a group. It also appears that the notes were delivered at a banquet held in 1920, although some of them had been signed previously and delivery withheld. All of the appellants were at the banquet.

Section 3730, Code of 1897, provides:

"Where there are several plaintiffs or defendants, whether the pleadings are joint or several, the verdicts shall be molded according to the facts and to suit the exigencies of the case."

Some of the representations were made to part of the appellants by one Wallace, and part by one Gibford. Some of them were made to different appellants at different times and

places, and some were made to appellants as a group, at the time the notes were finally delivered.

The statute cannot be ignored. It was the duty of the court to at least instruct the jury to the effect that, if it found that any one of appellants had maintained his defense, the verdict should be in favor of such appellant, even though the jury might find against other appellants in the case. In *Freeby v. Town of Sibley,* 183 Iowa 827, after citing Code Section 3730, we said:

''Now the universal practice in this state has been and is that, in submitting a case to the jury, the trial court submits with its charge forms of verdict adapted to the various findings which the jury may permissibly or properly return, under the issues which have been tried, and directs the jury's attention thereto. While the statute does not specifically direct that this shall be done, we think it is fairly implied in the section last above quoted. It is also well settled that, although there be no request made by counsel for instructions, it is still the duty of the court to so charge the jurors concerning the law of the case that they shall have clear and intelligent comprehension of what they are to decide. *Owen v. Owen,* 22 Iowa 270; *State v. Brainard,* 25 Iowa 572; *Seekel v. Norman,* 71 Iowa 264; *Overhouser v. American Cereal Co.,* 128 Iowa 580; *Capital City B. & P. Co. v. City of Des Moines,* 136 Iowa 243. But even if it should be conceded that this rule does not require, in every case, the submission of forms of verdict, it certainly does require, in the absence of such forms, clear and specific directions as to the various findings which are allowable in the case being tried, and such information as will enable the jury to frame its own verdict. Still more obvious is the justice of the proposition that, when the court does assume to submit forms of verdict to the jury, it should not omit therefrom any one or more of the verdicts which may properly be returned upon any of the issues. The effect of such omission, unless obviated by the specific and unmistakable terms of the charge itself, must necessarily be quite misleading.''

As stated, the representations were not made at one time or to appellants collectively. The jury might have found that one of appellants was defrauded and that some other appellant was not; and, under the provisions of the statute, the jury

should have been instructed in such manner that they could have found a verdict against certain of the appellants and in favor of certain of the appellants. No special interrogatory was submitted to the jury; and it is impossible to tell, from the general verdict returned, whether the jury found that appellee was a purchaser in due course, or whether it found that appellants had not been defrauded, as claimed by them. It therefore was incumbent upon the court, under the statute, to have submitted the cause to the jury in such form that it could have found by its verdict against any one or more of appellants, and in favor of any one or more of appellants. The failure so to do was error.

VII. Appellants filed a joint answer, which pleaded their defenses in separate divisions. These defenses were three in number. One defense was the false and fraudulent representa-

4. TRIAL: instructions: conflicting instructions: excluding and including defenses.

tions made in procuring the execution and delivery of the note. In a separate defense it was pleaded that it was represented that a corporation by the name of the Gibford Chemical Company had been duly organized and was an existing corporation, and that the payee in said notes was the Gibford Chemical Company. It was alleged that no corporation by that name was in existence, or had been authorized to do business; and that the notes sued upon were null and void because the payee therein was a myth, and did not exist.

As a further defense, in a separate division, it was pleaded that, as a part of the transaction in the signing and delivery of the notes, it was agreed that the notes should be kept in the possession of Gibford and the Gibford Chemical Company, and that they were not to be sold or otherwise negotiated; that the negotiation was a breach of faith; that the consideration for the execution of said notes had wholly failed; and that appellants had received nothing whatever therefor.

The court, in instructing the jury, took up first the defense of the false representations under which it was claimed the notes were given, and told the jury that the burden of proof rested upon appellants to establish the fraud and false representations as claimed. The concluding portion of said instruction is as follows:

"And if you fail to find that any of the said alleged representations were made; or you fail to find that, if made, that the representations that were made were false; or if you fail to find that the defendants believed said representations made, if they were made, were true; and you fail to find that the defendants relied upon any such representations, if they were made, then you need go no further in this case, but your verdict should be for the plaintiff."

Later on, the court instructed the jury in regard to the claim of a failure of consideration, and in a separate paragraph instructed the jury in regard to the defense that the payee in the notes was fictitious, and instructed the jury that, if appellants had sustained either of said defenses, the verdict should be for appellants. Appellants complain of the clause above quoted from the instruction, in regard to the defense of false representations.

We see no escape from the conclusion that this instruction specifically told the jury that, if it failed to find that the false representations had been made, as claimed by appellants, then and in that event they *need proceed no further, but should return a verdict in favor of appellee.* If the jury upon retiring to the jury room literally followed this instruction made by the court, which was the one immediately following the instruction regarding the issues, the jury would have given no consideration to the two separate and distinct defenses pleaded by appellants, of a fictitious payee in the note and of failure of consideration.

It is to be noticed that there was no qualifying clause in this instruction to the effect that, under the facts disclosed, the jury could find for appellee as to the issue of false representations, and then proceed to other issues in the case; but the jury was peremptorily told that it should *proceed no further,* if it found that this issue was not sustained. The error herein was not cured by the fact that the two other defenses were subsequently submitted to the jury by separate instructions, nor by the instruction to the effect that the jury was to consider all of the instructions together. There is such apparent inconsistency between the instruction telling the jury that, if it found that the defense of fraudulent representations had failed, it should

proceed no further in the case, but return a verdict for appellee, and the submission of the law respecting the other defenses pleaded, that the instructions as a whole cannot be sustained.

We have repeatedly held that instructions of this character that are inconsistent in this manner are fatally defective. We see no escape from the conclusion that Instruction No. 2 in effect withdrew from the consideration of the jury any other defenses in the case, in the event that the jury found that the one defense of false and fraudulent representations had not been sustained. As bearing on the question, see *Quinn v. Chicago, R. I. & P. R. Co.*, 107 Iowa 710; *Lauer v. Banning*, 140 Iowa 319; *Christy v. Des Moines City R. Co.*, 126 Iowa 428; *Meyer v. Boepple Button Co.*, 112 Iowa 51; *Rudd v. Dewey*, 121 Iowa 454.

Other errors claimed by appellants are without merit, or not likely to occur upon a retrial of the case.

For the errors pointed out, the judgment of the district court must be, and it is,—*Reversed.*

STEVENS, DE GRAFF, and VERMILION, JJ., concur.