58    121
f134    14

THE STATE v. RUTHVEN.

1. **Grand Jury**: OBJECTION TO PANEL: WAIVER. A defendant, who is in court personally or by attorney, must make his objection to the panel of grand jurors when his case is submitted to their consideration, and his failure to do so then, will be a waiver of his right to object subsequently.

2. **Criminal Law**: COMPOUNDING A FELONY: BY OFFICER. Under the charge of compounding a felony, the mere fact that the defendant was an officer was no reason why he should not be indicted under sections 3951-3952, Code, instead of under section 3948, Code.

3. ———: ———: WITNESSES: REBUTTAL. The State, in rebuttal, may call witnessess whose names are not indorsed upon the back of the indictment.

4. ———: ———: WHAT CONSTITUTES. If the defendant corruptly exacted a consideration for an agreement not to prosecute a felony, to which he was knowing, he is guilty under the statute, although he took the consideration for another.

5. ———: INSTRUCTION: PRACTICE. The court, having clearly and unmistakably instructed the jury that the State must prove beyond a reasonable doubt the commission of the crime, with the compounding of which the defendant was charged, was under no obligation to give an instruction asked by the defendant embracing the same thought.

*Appeal from Clay District Court.*

THURSDAY, APRIL 20.

THE defendant was indicted and tried for, and convicted of, the crime of compounding a felony, namely, a grand larceny. He appeals.

*P. O. Cassidy,* for appellant.

*J. M. Tolliver* and *Smith McPherson,* Attorney-general, for the State.

DAY, J.—I. The defendant moved to set aside the indictment upon the ground that the grand jury was not selected and drawn as required by law. The evidence taken upon this motion shows that some of the townships returned more names of electors to

1. GRAND jury: objection to panel: waiver.

serve as grand jurors, and some less than the number apportioned to their respective precincts. One township that was directed to send up twenty-five names returned thirty-four one that was directed to send up six names returned twelve, and one that was directed to send up nine names returned eight. Upon three of the townships no notice was served by the sheriff, as provided in section 237 of the Code. One of these townships sent up two names, another twelve, and the other fifteen. The number of names sent up was one hundred and nine, from· which the board of canvassers selected seventy-two, to act as grand jurors during the year. The State filed an amended abstract showing that when the cause was reached the defendant appeared by attorney and filed a motion to quash the indictment, which motion the State confessed, whereupon the indictment was quashed, and the matter was referred to the grand jury for further consideration, and on the same day the grand jury returned an indictment charging the defendant with the crime of compounding a felony. The appellant denied the correctness of the amended abstract. The transcript shows it to be correct in every particular. The defendant was in court, at least by attorney, when the matter was remanded to the grand jury. He should then have objected to the panel, if he had any objection to make. By failing to object then, he waived his right to do so subsequently. *The State of Iowa v. Harris & Folsom*, 38 Iowa, 242.

II. The defendant was indicted under sections 3951–3952, of the Code. The evidence shows that the defendant was 2. CRIMINAL deputy sheriff. It is insisted that he should have law: compounding a been indicted under section 3948 of the Code. felony: by officer. It may be that the defendant, being a deputy sheriff, violated the provisions of section 3948, and was amenable thereto. But the mere fact that the defendant was an officer, furnishes no reason why he should be allowed immunity·from the higher punishment prescribed in sections 3951–3952.

III.   The defense having rested, the State called in rebuttal, one Thomas W. Berry. .The defendant objected to the

**3. —: —:**
**witnesses:**
**rebuttal.**  witness, because his name was not on the back of the indictment. The objection was overruled. This action of the court was right. The State, in rebuttal, may call witnesses whose names are not indorsed upon the back of the indictment. *The State v. Parish*, 22 Iowa, 284.

IV.   The evidence tends to show that one George T. Hanson had stolen from one Gideon Ruthven, the brother

**4. —: —:**
**what consti-**
**tutes.**  of the defendant, sixty-five dollars; that the defendant had a warrant for the arrest of George T. Hanson, and·that he procured from George Hanson a note for $100, secured by mortgage, to Gideon Ruthven, agreeing in consideration of said note not to arrest George T. Hanson, and that neither he, nor his brother, would prosecute him for the offense.   The defendant asked the court to instruct, that if the defendant received no benefit or consideration running to himself, or that he received no part of the note, he is not guilty.   This instruction was properly refused.   If the defendant corruptly exacted a consideration from George Hanson, for an agreement not to prosecute his son, he is guilty under the statute, although he took the consideration for the benefit of another.

V.   Counsel upon the part of the defendant, and upon the part of the State, have both argued the case upon the theory

**5. —:**
**instruction:**
**practice.**  that the court refused to instruct the jury that the crime, of which the defendant is accused of compounding, must be proved beyond a reasonable doubt. The record does not sustain this position of counsel.   The court instructed the jury as follows:

"In order to warrant you in returning a verdict of guilty, the State must satisfy you, by the evidence introduced upon the trial, of the truth of each of the following material allegations of the indictment, necessary to be shown, in order to constitute the crime charged:

"*First.* That prior to the first day of January, one George

T. Hanson had committed a felony, by stealing from one Gideon Ruthven the sum of sixty-five dollars, or any other sum amounting to more than twenty dollars.

"*Second.* That Robert Ruthven had knowledge of such stealing, and thereupon promised and agreed with George Hanson, the father of George T. Hanson, that he would not prosecute said crime, and would conceal the same, upon the making and delivery to him, by said George Hanson, of a note for one hundred dollars, secured by mortgage.

"*Third.* That the agreement was consummated by the said George Hanson, making, and the said Robert Ruthven, receiving, from him his note for one hundred dollars.

"*Fourth.* That this occured in this county and State, on, or about, the first day of January, 1879, or at any time within the three years prior to April 15, 1881, the date of the finding of the indictment.

"If the State has satisfied you of the truth of each of the foregoing material allegations, and of the defendant's guilt, beyond any reasonable doubt, you should convict; otherwise, it will be your duty to acquit."

It is true, the court refused to give an instruction asked by the defendant, to the effect, that the State must prove beyond a reasonable doubt, the commission of the crime, with the compounding of which the defendant is charged. But the court having, in the unmistakable manner above set out, charged upon the subject, was under no obligation to give an instruction asked by the defendant embracing the same thought. The record discloses no error.

AFFIRMED.