Decided at PENDLETON, 13 August, 1898.

**STATE *v.* ASH.**

[ 54 Pac. 184.]

1. COMPOUNDING CRIME—DEFENSES.—One charged with compounding and agreeing to conceal a crime for a consideration ( Hill's Ann. Laws, § 1889 ) cannot set up as a defense that he subsequently arrested and prosecuted the person whom he had agreed to protect.

2. IDEM.—An officer of the law who agreed for a reward to compound a crime and not to prosecute the guilty parties cannot escape responsibility for his conduct by showing that he acted under the direction of his superior officer and gave him the entire consideration.

From Baker : ROBERT EAKIN, Judge.

J. L. Ash, having been convicted for a crime, appeals.

AFFIRMED.

*Messrs. Esteb & Wench* for appellants.

*Mr. Hugh E. Courtney*, district attorney, for the state.

MR. JUSTICE BEAN delivered the opinion.

The defendant, having been convicted for compounding and agreeing to conceal a crime for reward, by receiving and accepting, on July 18, 1897, while a police officer of Baker City, the sum of $5 from the keeper of a bawdy house, under a promise and agreement that such payment would protect her from prosecution for one month, brings the case here on appeal, assigning error of the trial court in sustaining the objection of the state to evidence offered by the defense, and in refusing to give cer-

tain instructions to the jury. A detailed statement of the facts is unnecessary. It is enough that they were amply sufficient to justify the verdict. The receipt of the money by the defendant is admitted, and the question of his intent and purpose in taking it was properly submitted by the court to the jury, and its findings are conclusive on that point.

1. The first, fourth and fifth assignments of error relate to the ruling of the court in denying the defendant the right to show that he caused the arrest and secured the conviction of the prosecutrix in September, 1897, for keeping a bawdy house during the time he is alleged to have agreed to shield her from prosecution, and in refusing to instruct the jury that by reason thereof he should be acquitted. There is no merit in either of these positions. The arrest and conviction sought to be proven were long after the crime charged in the indictment had been fully consummated, and after defendant had been indicted therefor; and it is no defense to a prosecution for compounding a crime, under the statute, that the defendant subsequently institutes a prosecution against the party whom he promised to protect. The statute makes it a crime for any person having knowledge of the commission of a crime to receive or accept any gift or gratuity, valuable consideration, or thing whatever, or any promise to do or cause to be done any act beneficial to such person, with the understanding or agreement, express or implied, to compound or conceal such crime, or not to prosecute therefor or give evidence thereof: Hill's Ann. Laws, § 1839. Under this statute the offense is complete when the consideration or thing of value is received, or promise made, with such understanding or agreement; and a subsequent violation by a guilty party

of his agreement is no defense to his prosecution, whatever may have been the rule at common law.

The second and third assignments of error relate to the refusal of the court to permit the defendant to show that prior to the time he received the money of the prosecutrix he had been directed by the chief of police to make such collections, and that two or three days after he received the money he turned it over to his superior officer. But there was no error in the ruling on either of these points. If the defendant, as the jury found, corruptly exacted a sum of money from the prosecutrix upon his agreeing to conceal her crime and not to prosecute or give evidence against her, he is guilty under the statute, although he retained no part of the consideration ( State v. *Ruthven*, 58 Iowa, 121, 12 N. W. 235 ), and it would be no defense that he was acting under instructions of another.

2. The sixth assignment of error is that the court refused defendant's request to charge the jury that, before they could find him guilty of the crime charged, they must be satisfied that there was an intent on his part, in receiving the money from the prosecutrix, to compound a crime, and in determining such fact they should inquire whether the defendant received the money for his own personal benefit or gain, or for the city, under real or supposed instructions from the city or its officers, and that they must also take into consideration what disposition he made of the money, and whether he did conceal the fact that the prosecutrix was keeping a bawdy house, or refuse to prosecute or give evidence against her. For reasons already suggested, this proposed instruction embodied matter wholly immaterial to any issue in the case, and was therefore properly refused.

All the material and important parts thereof were covered by and embodied in the general charge.

And finally it is claimed that the statute under which the defendant was indicted does not apply to the compounding or concealing of crimes in violation of city ordinances. But there is no such question in the record. The general laws of the state make it a crime to keep or set up a bawdy house ( Hill's Ann. Laws, § 1867 ) and there is no intimation in the record that the defendant was not indicted for compounding, or agreeing not to punish or give evidence against the prosecutrix for a violation of that statute. Finding no error in the record, the judgment of the court below is affirmed.

AFFIRMED.

Decided 30 April, 1898; rehearing denied.