N. P. SHAULIS v. W. E. BUXTON and THOMAS BUXTON, Appellants.

**Illegal Consideration for Note:** JURY QUESTION. In an action on a note, it appeared that the trial of a criminal case in which defendant was charged with seducing the payee was held in abeyance pending negotiations for the settlement of a civil action for the seduction also then pending, at the end of which defendant executed the note sued on, and that immediately on the settlement the prosecution offered no evidence in support of the indictment, whereupon the court, with knowledge of the settlement, directed the jury to return a verdict of not guilty. There was other testimony that the disposition of the criminal case was considered in. arriving at the settlement, which was evidenced by a writing, reciting that said note was given in settlement of civil damages, only. The note was assigned to plaintiff, the father of the payee therein, who was to be a witness in the criminal case. *Held,* that as there was evidence tending to show that the release of defendant from the criminal charge was a part of the consideration for the note, it should be left to the jury to determine whether the criminal charge was considered in the settlement, and the acquittal of the defendant was a part of the consideration.

SAME : *Innocent purchaser.* Whether plaintiff was an innocent purchaser of said note should have been left to the jury.

**Appeal:** BILL OF EXCEPTIONS: *Sufficient preservation of evidence.* Under Code, section 3759, which provides that exceptions to decisions may be embodied in a bill of exceptions to be filed within a prescribed time, where a skeleton bill of exceptions was signed by the judge, and filed in due time, wherein the reporter's shorthand notes, duly certified by the judge and reporter, and filed, were made a part of the bill by unmistakable reference, and a transcript of such notes, duly certified by the reporter were filed within the time required, the evidence is properly preserved.

*Appeal from Blackhawk District Court.*—HON. A. S. BLAIR, Judge.

TUESDAY, OCTOBER 17, 1899.

ACTION at law to recover three hundred dollars and interest on a promissory note executed by the defendants to Effie M. Shaulis, and assigned by her for value, before due, to the plaintiff. Defendants answered, admitting the execution of the note, denying that plaintiff is an innocent purchaser, and alleging that the only consideration therefor was the compounding of a felony,—the promise of Effie M. Shaulis not to appear against and to prosecute the defendant W. E. Buxton on a criminal charge of having seduced her, said Effie M. Shaulis, then pending against him. At the close of the evidence the plaintiff moved for a verdict, which motion was sustained, and verdict and judgment rendered accordingly. Defendants appeal.—*Reversed.*

*F. C. Platt* and *Edwards & Longley* for appellants

*Courtwright & Arbuckle* for appellee.

GIVEN, J.—I. Appellee moved to strike from appellant's abstract all the evidence therein set out, for the reason that no legal bill of exceptions was filed; that the transcript of the evidence was not presented to or certified by the judge, or made a part of the record; and that the report of the reporter filed in this case is not sufficient to constitute a bill of exceptions, under section 3675 of the Code. Two ways are provided for preserving and making of record the proceedings in a law case,—one under section 3675, and the other under section 3749, of the Code. Appellants do not rely upon compliance with section 3675, but upon 3749. That section provides that exceptions to decisions may be embodied in a bill of exceptions to be filed within a time prescribed. In this case a skeleton bill was signed by the judge,

and filed in due time, wherein the reporter's shorthand notes, duly certified by the judge and reporter, and filed, are made a part of the bill by unmistakable reference. A transcript of these notes, duly certified by the reporter, was filed within the time required, and it is the evidence as thus authenticated and preserved that appellants have included in their abstract. The evidence was properly preserved. See *Croddy v. Railway Co.*, 91 Iowa, 599; *Hood v. Railway Co.*, 95 Iowa, 331. The motion to strike is overruled.

II. On the 10th day of October, 1895, there was pending in the district court of Blackhawk county, Iowa, an indictment charging the defendant W. E. Buxton with the crime of having seduced said Effie M. Shaulis, and also a civil action wherein Effie M. Shaulis, as plaintiff, sought to recover five thousand dollars damages of the said defendant W. E. Buxton because of her seduction. On that day the criminal case was called for trial, and a jury empaneled; Effie M. Shaulis and the plaintiff herein (her father) being present as witnesses, and the state being represented by G. W. Dawson, county attorney, and E. A. Dawson, and the defendant by H. H. Bezold and C. W. Mullan. Said G. W. and E. A. Dawson were attorneys for the plaintiff in the civil action, and said Bezold and Mullan were attorneys for the defendant therein. After the jury had been empaneled in the criminal case, and before any evidence was offered, negotiations were commenced between said attorneys for a settlement. This being made known to the court, further proceedings in the criminal case were suspended, with the consent of the court and counsel, for a part of two days. The negotiations were carried on between the attorneys,—they conferring with their clients,—and a settlement agreed upon. Effie M. Shaulis having said to the county attorney that she was satisfied and did not care to prosecute any further, he did not offer any evidence on behalf of the state in support of the indictment, whereupon the court, with knowledge of the fact of the settlement, directed

the jury to return a verdict of not guilty, and the defendant was discharged. The settlement having been agreed upon, Effie M. Shaulis executed an instrument in writing as follows: "In the District Court of the State of Iowa, for Blackhawk County. Effie Shaulis vs. Wm. Buxton. September Term, 1895. Stipulation and Settlement. For and in consideration of the sum of six hundred dollars ($600.00) to me in hand paid, the receipt whereof is hereby acknowledged, I, Effie Shaulis, the above-named plaintiff, do hereby acknowledge full, adequate, and complete satisfaction and payment of the claim made in this action against the said W. E. Buxton for seducing me, and do hereby dismiss this action, and discharge and release the said Wm. Buxton from any and all liability upon any and all claims made in this action; and, in consideration of said sum of money to me paid as aforesaid, I hereby settle and discharge and forever release the said William Buxton from any and all liability, charge or claim which I have or may hereafter have against him as the putative father of the child with which I am now pregnant, and do hereby release and discharge the said Wm. Buxton and Thomas Buxton from any and all liability to the state of Iowa and the county of Blackhawk which may now or hereafter exist against them in an action of bastardy or other proceedings arising because of my now being pregnant, and if any action or proceeding is hereafter commenced against either of them because of such child being born, by the state or county, this stipulation shall be a dismissal thereof. Dated this eleventh day of Oct., 1895. Effie M. Shaulis, Plaintiff." At the same time and in pursuance of said settlement, W. E. Buxton, as principal, and Thomas Buxton, as surety, executed and delivered the note in suit, and their three other promissory notes for one hundred dollars each,— one to E. A. Dawson, one to H. H. Bezold, and one to C. W. Mullan. Plaintiff's motion for verdict was upon the grounds that the undisputed evidence showed that he was an innocent purchaser for value before due, that there was no duress used

in obtaining the note, that the consideration was the settlement of said civil action, that the evidence does not sustain the defense, and that it shows, that a part, at least, of the consideration was a valuable consideration, and fails to show that a felony was compounded. The motion was sustained on the three last grounds mentioned, and the jury directed to return a verdict for the plaintiff for the amount due upon the note.

III. Appellants' counsel state their contention as follows: "(1) That parol evidence is competent to show that the consideration for the note sued on herein was in part, at least, illegal, and, that, notwithstanding the fact that a written stipulation, signed by the parties, recited that said note was given in settlement of civil damages only. (2) That if the consideration be in part illegal, and such part be inseparable from any other part thereof, which by itself might be a good consideration for the promise of defendant, then the whole is void. (3) That the evidence in this case does tend to show that a part of the consideration for the note sued on was the promise of the payee of said note to refuse to appear and testify as prosecuting witness in the case of State of Iowa v. W. E. Buxton, one of the defendants and appellants, in which he was charged, indicted, and tried for seduction of Effie Shaulis, the payee named in said note." Plaintiff's counsel conceded that as a general rule the consideration of the contract sued upon may be shown by parol, but insist that parol evidence is not admissible to vary the contract of settlement copied above, as it was not the contract sued upon, and was introduced in evidence by the defendants. The court at first seems to have entertained the view that, the defendants having introduced said contract in evidence, they could not introduce parol proof to show the true consideration thereof. Counsel for appellants having stated that the writing was not offered to prove the promise of Effie M. Shaulis not to appear in the criminal case, but only as one circumstance in the

transaction, the court overruled appellee's objection, and permitted the appellants to introduce parol evidence tending to show what the true consideration was for the settlement and notes,—in other words, to show that the promise of Effie M. Shaulis not to appear in the criminal case was a part of the consideration. The appellants have no cause to complain in this respect.

It is undisputed that if the consideration for the note be in part illegal, and that part be inseparable from the other part of the consideration, the whole note is void; and this concession brings us to consider the last and more important contention of the appellants. The issue in the case is whether, as a part of the consideration for the notes executed to her, Effie M. Shaulis agreed not to appear and testify in the criminal case. It requires neither citations nor arguments to show that such consideration is illegal, and will not be enforced. If, as is argued, there was no felony proven, and therefore no felony to compound, and if the defendant was acquitted, still public policy forbids such contracts, and therefore they are void. That there is evidence tending to show that the release of the defendant W. E. Buxton from the criminal charge was a part of the consideration for the note in suit cannot be denied. The fact that the trial of the criminal case was held in abeyance for part of two days, with the jury in the box, pending negotiations, and was terminated as it was immediately upon the settlement being made, certainly tends to show that the disposition of the criminal case was considered in arriving at the settlement. When we add to this the direct testimony tending in the same direction, it seem to us quite clear that the court should have submitted the case to the jury upon that issue. It is true, the negotiations were carried on and the agreement reached by the parties through their respective attorneys, but it does not follow that Effie M. Shaulis did not promise as alleged. It is true that Effie M. Shaulis was present, and could have been called to testify, notwithstand-

ing the settlement, and that the county attorney who was her counsel in the civil case, and the judge then presiding, with full knowledge of the settlement, consented to the disposition that was made of the criminal case,—a consent the propriety of which, to say the least, may well be doubted.  What wo have said as to the evidence will not be understood as expressing any conclusion thereon, but as said only to show that there was evidence tending to support the defense pleaded. We think it should have been left to the jury to determine from all the facts proven whether the criminal charge was considered in the settlement, and the acquittal of the defendant was a part of the consideration for the notes given in settlement, and also whether the plaintiff was an innocent purchaser of the note sued upon, for value, before due, without notice of infirmities.— REVERSED.