THE W. T. JOYCE CO., Appellant, v. D. A. ROHAN.

**Negotiable instruments:** CONSIDERATION: COMPOUNDING CRIME. It is not necessary to show that a crime was in fact committed to defeat an action on a note given to compound the offense charged.

**Same:** AGENCY: QUESTION OF FACT. Where there was evidence tending to show that the payee of a note, who filed the information charging defendant with the crime and accepted the note in compounding the offense, was acting as the agent of the indorsee in both matters, the question of agency was for the jury and a direction of verdict for the indorsee in a suit on the note was erroneous.

*Appeal from Carroll District Court.*— HON. F. M. POWERS, Judge.

WEDNESDAY, APRIL 3, 1907.

SUIT on a promissory note signed by the defendant and
J. A. Mavity.    There was a directed verdict for the plain-
tiff, and thereafter the defendant's motion to set the verdict
aside was sustained.    The plaintiff appeals.— *Affirmed.*

*Lee & Robb,* for appellant.

*Geo. W. Bowen,* for appellee.

SHERWIN, J.— This suit is on an ordinary promissory
note made payable to one E. C. Spurr and alleged to have
been transferred to the plaintiff before maturity.    The de-

1. NEGOTIABLE
INSTRUMENTS:
consideration:
compounding
crime.

fendant Rohan in his separate answer ad-
mitted the execution of the note, but alleged
as a defense thereto that it was without con-
sideration and that it was given for the purpose of settling
a criminal charge made against his co-signer, J. A. Mavity,
that the note was given for the sole purpose of compromising
and compounding a felony, and was so received by said
Spurr, who was the plaintiff's agent, with such understand-
ing.    At the close of the testimony the plaintiff moved for a
directed verdict, on several grounds; among others, that the
defendant had failed to allege in his answer, or to prove,
that a crime was in fact committed by the defendant Mavity,
the compounding of which constituted any part of the con-
sideration of the note sued on, and that the defendant had
failed to show that the plaintiff had any knowledge or no-
tice, actual or constructive, that the note in suit was obtained
by the compounding of a felony.    The court was clearly
right in setting aside the verdict which had been directed
and in granting a retrial of the case.    It is true there was
no evidence tending to support the charge of embezzlement
that had been made against Mavity in an information sworn

to and filed by Spurr, the payee of the note, but it is not necessary in a case of this kind to show that the crime which it is alleged was compounded was in fact committed. *Shaulis v. Buxton,* 109 Iowa, 355; *Smith v. Steely,* 80 Iowa, 738; *State of Iowa v. Ruthven,* 58 Iowa, 121.

There is evidence in the record tending to show that Spurr, who was the payee named in the note, was the agent of the plaintiff in Carroll county. As we have seen, the information which was filed against Mavity was filed by Spurr. It charged Mavity with the crime of embezzling from the plaintiff in this case, the W. T. Joyce Company, alleging the company to be a corporation. It is a general rule of law that whatever evidence has a tendency to prove an agency is admissible, even though it be not full and satisfactory, and it is the province of the jury to pass upon it; and it is equally as well settled that, when one knowingly and without dissent permits another to act as his agent, the capacity will be conclusively presumed. In this case Spurr was shown to be the agent of the plaintiff in the transaction of other business, or, at least, there was evidence before the jury tending to so show. He appeared before the justice and filed an information against Mavity, charging him with the crime of embezzling from this plaintiff; thereafter this note was given for the purpose of settling that criminal charge, and still later the note was transferred to the plaintiff by Spurr, their agent, and sued upon by them. All of these transactions constituted evidence from which the jury might have found that Spurr was in fact acting as the plaintiff's agent and for it in making the criminal charge and in settling the alleged embezzlement by taking the note in suit. This being true, it was clearly error, under the rule heretofore announced, to direct a verdict for the plaintiff. It was a question for the jury, and should have been submitted to it.

The order setting aside the verdict was right, and it is *affirmed.*

2. Same: agency: question of fact.