E. J. O'CONNER, Appellee, v. WILLIAM KLEIMAN,
Appellant.

143   435
f144   395

**Argument:** RIGHT TO OPEN AND CLOSE: DISCRETION: WHEN GROUND
FOR REVERSAL.   The right to open and close an argument is góv-
erned by the state of the evidence, in determining which the
court as a rule has a large discretion, and a reversal of the ruling
will not be ordered unless an abuse of discretion and prejudice
appear.   As in an action on a note by a transferee, the execution
of which was acknowledged and a general denial pleaded, and
defendant offered evidence tending to show the illegality of the

consideration, which plaintiff met in rebuttal by evidence tending to sustain the consideration, the defendant was entitled to open and close the argument and a denial of his right was ground for reversal; especially as the court not only placed the burden on defendant of proving the illegality of the consideration, but also required him to show that plaintiff purchased the note after maturity, or with notice of such defense.

Negotiable instruments: ILLEGAL CONSIDERATION: EFFECT OF PARTIAL INVALIDITY. A note given to secure the consent of a property owner to the maintenance of a saloon on adjacent property, is not supported by a legal consideration; and if the consideration be illegal only in part, the contract being indivisible, it vitiates the whole.

Same: CONSIDERATION: PAROL EVIDENCE. The fact that a lease of property is made in connection with a note ostensibly executed for rent of the property, will not affect the right to show by parol the conversations and circumstances under which the same were executed, for the purpose of determining the real consideration. And evidence that defendant had no use for the property was competent on the question of consideration.

Same: BURDEN OF PROOF. The burden is not upon the defendant in an action upon a promissory note to establish, in addition to the defense of illegal consideration, that plaintiff had notice thereof or purchased the same after maturity; but upon proof of the illegal consideration the burden devolves upon plaintiff to show that he is a holder in due course, and this burden is not sustained by the mere presumption arising from an indorsement regular in form.

*Appeal from Oelwein Superior Court.*—Hon. M. D. Porter, Judge.

Friday, July 2, 1909.

This is an action upon a promissory note for $150. The plaintiff claimed thereon as a holder in due course, under indorsement by the payee. The defendant pleaded as a defense that the note was given to the payee for an illegal consideration, and that the plaintiff was not a holder in due course, but was charged with notice of the infirmity

in the note. There was a verdict for plaintiff, and judgment thereon. Defendant appeals.—*Reversed* and *remanded.*

*Jay Cook,* for appellant.

*Loren Risk, W. B. Ingersoll* and *Clements & Estey,* for appellee.

EVANS, C. J.—The note sued on is negotiable in form. It was drawn payable to one Miles, and bore indorsement in due form from Miles to O'Connor without recourse. It bore date July 1, 1905, and became due February 1, 1906. The contention of the defendant in defense thereto was that the real consideration of the note was the written consent of Miles, as adjacent property owner, to the maintenance of a saloon by defendant upon certain premises. The evidence offered on behalf of defendant tended to show that he desired to operate a saloon in the city of Oelwein in a certain building, and that Miles owned the lot adjacent thereto; that the defendant applied to Miles to sign his written consent as such property owner; that Miles would consent to do so only on condition that the defendant should lease the lot from him for $300 per year; that the defendant entered into such arrangement only for the purpose of obtaining such written consent; that he had no use for the lot, and made no use of it; that the proposed lease was executed by the parties, and defendant paid Miles in cash the sum of $150, and executed the note in suit for the balance, and the written consent was afterwards signed by Miles. The defendant also testified that on February 5, 1906, the note in suit was presented to him for payment by a bank on behalf of the payee. On the trial the plaintiff introduced in evidence the note in question, with the indorsment on the back thereof, and rested. Defendant offered evidence along the lines already indicated. In re-

buttal the plaintiff introduced the evidence of Miles, who denied that the giving of his written consent formed any part of the consideration of the note, and rested. He offered no evidence on the question whether he purchased the note in due course before due. The trial court instructed the jury that the plaintiff was presumed to be the holder in good faith, and entitled to recover, unless such presumption was overcome by the defendant. In the fourth instruction the burden was laid upon the defendant to prove, not only that the note was given for an illegal consideration, but to prove also "that plaintiff purchased said note after it became due, or with notice of such defense." The answer of the defendant contained a general denial. It also contained an express admission of the signing of the note. On the trial the defendant in no manner denied or impeached the signing of the note or of the indorsement thereof, but rested solely upon his affirmative defense. At the close of the evidence the defendant demanded the right to open and close the argument to the jury. This demand was refused by the court, and the right to open and close was awarded to the plaintiff, and the defendant excepted.

I. Section 3701, Code, provides: "In the argument, the party then having the burden of the issue, shall have the opening and closing." Under this section the defendant was clearly entitled to open and close the argument, in view of the burden of proof which the instructions of the court laid upon him. The contention of plaintiff is that the general denial contained in defendant's answer left the burden upon him, and therefore he was entitled to open and close. This contention can not be sustained. The issue at this point is to be determined by the state of the evidence. *Shaffer v. Des Moines Coal Co.,* 122 Iowa, 233; *Schoonover v. Osborne,* 117 Iowa, 427. In the state of the evidence, and under the instructions as the court gave them,

1. Argument: right to open and close: discretion: when ground for reversal.

the clear and complete burden was laid upon the defendant; and, under the burden laid on him by the instructions, he would have been entitled to open and close even though his general denial had not been qualified by an express admission of the signing of the note. This is a question of procedure, however, on which we are always reluctant to base a reversal. As a rule, large discretion must be permitted on such a question to the trial court, and we will not reverse on such ground, unless an abuse of discretion and prejudice appear. In view of the fact that the trial court erroneously laid upon the defendant an undue burden of proof, as will be indicated in another paragraph, it emphasized the right of the defendant to open and close, and necessarily emphasized the prejudice resulting from the court's refusal to permit it, and the defendant is clearly entitled to a reversal on one ground or the other.

II. Assuming as true the facts which the evidence offered by defendant tended to prove, it is clear that the consideration for the note in question was illegal in part at

2. NEGOTIABLE INSTRUMENTS: illegal consideration: effect of partial invalidity.

least. *Greer v. Severson,* 119 Iowa, 84. And, if illegal in part in the respect claimed, the contract being indivisible, it vitiated the entire note, and formed a complete defense thereto. *Rosenbaum v. Levitt,* 109 Iowa, 292; *Shaulis v. Buxton,* 109 Iowa, 355; *Baird v. Boehmes,* 77 Iowa, 622; *Gipps v. De France,* 91 Iowa, 108.

The fact that a written lease was entered into would not prevent the introduction of oral evidence to show the conversation and the circumstances for the purpose of de-

3. SAME: consideration: parol evidence.

termining the real consideration. The validity of the lease itself could be attacked on the same ground as the validity of the note is attacked. The trial court lost sight of this somewhat in its rulings upon evidence offered by the defendant. The defendant offered to prove that he had no use for the lot leased by him. This was a proper circumstance for the

consideration of the jury under the issues made. The court erred in rejecting it.

III. As already indicated, the court instructed the jury in instruction No. 4 that the burden was upon the defendant to prove, not only the illegal consideration

4. SAME: burden of proof. charged, but also that the plaintiff had notice thereof, or that he purchased after due. The defendant complains that this instruction laid upon him an undue burden. The argument advanced by defendant in support of this contention can not be sustained. But we must hold, nevertheless, that the instruction was clearly erroneous. If the note was given for an illegal consideration, as charged, then the burden shifted upon the plaintiff to prove that he was the holder in due course. And this involved something more than the mere presumption arising from an indorsement regular in form. *Keegan v. Rock,* 128 Iowa, 39; *Commercial Bank v. Paddick,* 90 Iowa, 63; *Skinner v. Raynor,* 95 Iowa, 537; *Benton County Bank v. Boddicker,* 105 Iowa, 548; Code Supp., section 3060-a59; Section 3060-a55, Negotiable Instruments Act. What constitutes a holder in due course is defined in section 3060-a52. If the trial court had properly laid the burden at this point on the plaintiff, then we could have approved its action in awarding to plaintiff the right to open and close the argument.

The judgment below must be reversed and the cause remanded.—*Reversed* and *remanded.*