FIRST STATE BANK OF RIVERSIDE, Appellant, v. R. E. TOBIN et al., Appellees.

**APPEAL AND ERROR:** Review—Scope and Extent—Exceptions Presented on Appeal Only. An exception to instructions will not be considered on appeal when the exception was never presented to the trial court. (See Book of Anno., Vols. 1, 2, Sec. 12827.)

**BILLS AND NOTES:** Actions—Indorsement—Harmless Inaccuracy. Instructions relative to acquiring negotiable promissory notes by "assignment," instead of by "indorsement," are quite harmless, when complainant does not claim the rights of a holder in due course.

**TRIAL:** Arguments—Right to Open and Close. The right to open and close argument is properly given to the defendant when the issues are such that plaintiff must recover unless defendant establishes his affirmative defenses.

**BILLS AND NOTES:** Payment and Discharge—Apparent Agency. A payment made in a bank that is open and transacting business, to one behind the counter, with the permission of the managing officers of the bank, and with apparent authority to receive the money, constitutes a payment to the bank. It follows that the conversation at the time, relative to the subject-matter of the payment, is competent.

**APPEAL AND ERROR:** Harmless Error—Cross-examination—Improper Exclusion. The improper exclusion of a question on cross-examination becomes quite harmless when the answer sought is otherwise obtained.

**EVIDENCE:** Relevancy, Materiality, and Competency—Cancellation of
6  Indorsements. On the issue whether indorsements of payments on a
note had been improperly canceled, evidence by the maker of the
payments to the effect that he had never authorized such cancella-
tion is manifestly relevant, competent, and material.

**APPEAL AND ERROR:** Harmless Error—Conclusion Answers. Error
7  may not be predicated on the fact that a witness was permitted to
give a conclusion answer when the witness had, prior thereto, with-
out objection, stated the facts relative to said matter.

**APPEAL AND ERROR:** Harmless Error—Exclusion of Nonexplanatory
8  Questions. Questions are properly excluded when they do not, either
by the form of the question or by offer of testimony, reveal what
was expected to be elicited. (See Book of Anno., Vols. 1, 2, Sec.
11548, under Division II.)

**NEW TRIAL:** Grounds—Newly Discovered Evidence—Diligence.
9  Newly discovered evidence as a ground for new trial must not only
be material, but the applicant must show his diligence in discovering
the evidence by more than a naked assertion of diligence. (See
Book of Anno., Vols. 1, 2, Sec. 11550, under Division XIV.)

Headnote 1: 3 C. J. pp. 843, 919. Headnote 2: 8 C. J. p. 1088.
Headnote 3: 38 Cyc. p. 1301. Headnote 4: 7 C. J. pp. 526, 544. Head-
note 5: 4 C. J. p. 969. Headnote 6: 2 C. J. p. 1281. Headnote 7: 4 C.
J. pp. 967, 968, 977. Headnote 8: 4 C. J. p. 74. Headnote 9: 29 Cyc.
pp. 899, 957.

Headnote 1: 2 R. C. L. 75. Headnote 3: 61 L. R. A. 514; 26 R. C.
L. 1023. Headnote 9: 20 R. C. L. 292.

*Appeal from Washington District Court.*—DAN HAMILTON,
Judge.

OCTOBER 18, 1927.

Suit on three promissory notes. Verdict and judgment for
the defendants.—*Affirmed.*

*A. E. Baldrige* and *Walter M. Davis,* for appellant.

*Messer, Clearman & Olsen* and *Morrison & Morrison,* for
appellees.

WAGNER, J.—This action is based upon three promissory
notes, executed by the appellees to the Riverside Savings Bank.
One of the notes was in the principal sum of $1,500, bearing

date November 27, 1922; another note was in the principal sum of $200, bearing date, August 15, 1923; and the third note was in the principal sum of $200, bearing date, March 29, 1923.

During the fall of 1923, the Riverside Savings Bank ceased operations as a bank, and the appellant bank was shortly thereafter organized, and began doing business. An arrangement was entered into, whereby a considerable portion of the Riverside Savings Bank's assets, including the three notes in suit, became the property of the appellant.

The appellant frankly admits in its argument that it is not an innocent purchaser of the notes, and that the appellees are entitled to make any defense which they might have interposed against the Riverside Savings Bank.

The defenses pleaded by the appellees in their answer are: (1) A general denial; (2) that two payments, to wit, $640 and $735, have been made upon the $1,500 note; and (3) that, for some time prior to December, 1921, the appellees R. E. Tobin and S. K. Bacon were engaged in a farming partnership, and were indebted to the Riverside Savings Bank; that an oral agreement was entered into between the Riverside Savings Bank and said partnership and its individual members, whereby a public sale of the personal property of said partnership was had, and whereby the Riverside Savings Bank undertook to, and did, clerk said sale, and agreed to, and did, collect and accept, and receive *as cash,* any and all notes or other items taken for the purchase price at said sale, and whereby the said bank agreed to pay out of the proceeds of said sale the partnership debts owed to the bank and others, and the expenses of the sale, and to pay the balance thereafter remaining in equal shares to Tobin and Bacon, and apply any amount to which the appellee Tobin was thus entitled, on his individual indebtedness to said bank, and to pay to him any balance thereafter remaining; that he has not received credit and payment for the amount to which he was entitled, out of the proceeds of said sale; and that he is entitled to a set-off for said amount, as against the amounts owed upon the notes in suit. The reply of the appellant, consisted of only a denial.

A public sale of the partnership property of Tobin and Bacon was had in December, 1921. One of the bones of contention is as to the oral agreement between the Riverside Savings

Bank and members of the partnership of Tobin & Bacon. The cashier of the Riverside Savings Bank testified, in substance, that there was an agreement, but that the agreement was that the bank would take enough of the sale notes to pay the notes owed by the partnership to the bank; while the testimony of the appellees tends to establish the contract as averred in their answer.

It is apparent from the record that, after the payment of the expenses of the sale and the payment of partnership indebtedness, including the partnership indebtedness to the Riverside Savings Bank, there was a sum of approximately $3,000, belonging in equal shares to the two members of the partnership. Both members of the partnership bought property at the sale, the amount of Tobin's purchases being $1,841.10, he paying by check at the time a sum of $440, and giving his note for the balance, $1,401.10. Bacon also purchased heavily at said sale, giving his note for the amount. These sale notes of Tobin & Bacon's were not introduced in evidence. The appellee testified that his note was made payable to the Riverside Bank, and has been paid. The cashier of the Riverside Savings Bank testified that the notes of the individual partners were given to the partnership, and were not purchased by the bank.

The trial court gave to the jury the following instruction:

"It is undisputed that the defendants signed the three notes, Exs. A, B, and C. But it is the contention of the defendants that said notes have been fully paid, by payments made thereon by the defendant R. E. Tobin, and by money or notes obtained by the Riverside Savings Bank from the sale of Tobin & Bacon. And as to this proposition the burden is upon the defendants to establish by a preponderance of the evidence this claim of the defendants'. And if the defendants have satisfied you by a preponderance of the evidence that the defendant R. E. Tobin made certain payments upon said notes, and that it was the arrangement between the Riverside Savings Bank, through its cashier, Griffin, that it would accept proceeds of the sale of Tobin & Bacon, both the cash and the notes taken by the said Griffin at said sale, and would apply such proceeds upon the payment of the notes of Tobin & Bacon, and certain other indebtedness, and would turn over to the defendant Tobin one half of the balance of the proceeds of said sale, then you should

allow the defendants a credit on said notes to the amounts you have so found he paid, and also of the amount of one half of the proceeds of the sale of Tobin & Bacon, after the payment of the notes of Tobin & Bacon and the other items the bank paid out, and give the defendants credit for one half of the balance of the proceeds of the said sale. And if the amounts you have found, if any were paid by the defendant Tobin, and the balance you have found, if any, due him from the proceeds of the said sale, amount to more than the notes sued upon at the time such payments were made and such sale was had, your verdict should be for the defendants.''

The appellant assigns as error the giving of said instruction, the reason given being that it eliminates from the consideration of the jury the question as to whether Tobin paid the note which he claims he gave to the bank for property purchased at the sale. The exception to the instruction is:

''The court erred in giving instruction Number 2, in stating that it was undisputed that the defendants signed the three notes Exhibits A, B, and C, and stating that it was the contention of the defendants that the notes had been fully paid, for the reason that the answer of the defendant did not admit the execution and delivery of the notes sued upon, either by way of answer or any amendment thereto, and the defendants put the plaintiffs to proof thereof.''

The court also gave to the jury the following instruction:

''If the defendants have satisfied you by a preponderance of the evidence that the defendant Tobin gave his note to the Riverside Savings Bank for property bought at the sale of Tobin & Bacon, and was taken possession of by said bank, it would be immaterial whether said note has or has not been paid, as affecting the issues in this case.''

The appellant assigns as error the giving of said instruction, the reason being that said instruction directs the jury that, if Tobin had, in fact, given his note for $1,400 for property purchased at the partnership sale, it would be immaterial whether said note has or has not been paid. The exception to the instruction is, in substance, that the evidence did not support the contention of the appellee Tobin that he had given his note to the Riverside Savings Bank for property bought at the sale.

Section 11495, Code of 1924, provides that all exceptions to instructions shall specify the part of the instructions excepted to, and the grounds of such exceptions.

It is apparent from the exceptions to the foregoing instructions that the objections now urged against the same were not presented to the trial court, and this eliminates same from our

1. APPEAL AND ERROR: review: scope and extent: exceptions presented on appeal only.

consideration. Moreover, under the issues, there being no affirmative plea in the reply, the instructions are correct, and the appellant has no ground to complain. The appellant not having pleaded in its reply anything to avoid the affirmative defense alleged in the answer, if the appellees established their alleged defense by a preponderance of the evidence, they were entitled to a set-off.

It is also contended by the appellant, in its assignment of errors, that the court erred in the giving of Instructions Nos. 3 and 4. The sufficient answer to said contention is that there is no exception to Instruction No. 3, and the matters complained of as to Instruction No. 4 are not included in its exception thereto.

The appellant also complains of the giving by the court of Instruction No. 5, wherein the court says that it is undisputed that the appellant took the notes sued upon by *assignment*,

2. BILLS AND NOTES: actions: indorsement: harmless inaccuracy.

whereas it is appellant's claim that it obtained the notes by *indorsement*. Even if this be true, the use by the court of the word "assignment," instead of "indorsement," becomes immaterial; for the court, in the same instruction, properly instructed the jury that the notes in the hands of the appellant are subject to the same defenses as if said notes were in the hands of the Riverside Savings Bank,—which is conceded to be true by appellant in its argument.

At the close of the evidence, the appellees requested the right to open and close the argument; and by the granting of said request, it is contended by the appellant, the court erred.

3. TRIAL: arguments: right to open and close.

This contention is devoid of merit. It is provided by our statutory law, Section 11487, Code of 1924, that in the argument the party *then* having the burden of the issue shall have the opening and closing. In the case at bar, at the close of all the evidence, the ap-

pellant was entitled to recover, were it not for the affirmative defenses pleaded by the appellees. The ultimate issues to be determined were those arising with reference to the affirmative defenses pleaded in the answer.

There is no allegation in the reply that the appellant was the holder in due course, whereby the appellant would be entitled to recover, regardless of the affirmative defenses pleaded in the answer, such as was the case in *Louisa County Nat. Bank v. Burr,* 198 Iowa 4.

Moreover, we have held that, as a rule, much discretion must be allowed the trial court in determining, at the close of the evidence, on whom the burden rests, and that, unless such discretion is abused, and prejudice appears, a reversal will not follow. *O'Conner v. Kleiman,* 143 Iowa 435; *McLaughlin-Gormley-King Co. v. Hauser,* 200 Iowa 210.

Thirteen of the alleged errors assigned are with reference to the rulings of the court on the introduction or exclusion of testimony. It is the appellees' contention that Tobin made a

4. BILLS AND NOTES: payment and discharge: apparent agency. payment of $640 on the $1,500 note in the fall of 1923. The Riverside Savings Bank, at that time, was not receiving deposits, but was open for the transaction of its other business. Mr

Teener, the president of the bank, and Mr. Ball, an attorney of Iowa City, were endeavoring to collect and secure notes owed the bank. The appellee Tobin testified that Mr. Ball and Mr. Teener were back of the counter in the bank, transacting its business, when they were not out in the country, taking mortgages and getting payments on notes. He testified, with reference to demands made upon him by Teener and Ball for the payment of $1,500, prior to the time when he claims he made the $640 payment, and over objection to the question "What transaction did you have with Mr. Ball at that time, with respect to this $1,500 note?" "They [Teener and Ball] were wanting me to pay this obligation." And over objection, he was permitted to answer the question "What did you say to Mr. Ball and Mr. Teener, and what did they say to you?" And he answered that "At that time they asked me to try and pay the $1,500 note;" and that a little later he paid $640 to Mr. Ball in the bank, who made the indorsement of payment upon the note. Appellant made a motion to exclude the answer that

Mr. Ball made the indorsement on the note; for the reason that there is no evidence that Mr. Ball had any authority to bind the bank, or authority to transact business for them,—which motion to exclude was by the court overruled.

The court was clearly correct. The conversation inquired about was the conversation that he had with Ball and Teener, the president of the bank; and the agency of Ball is implied by the conduct of the bank in holding him out as its agent and vesting him with apparent or ostensible authority as its agent. A payment made in a bank that is open and transacting business, to one behind the counter, with the permission of the managing officers of the bank, and with apparent authority to receive the money, constitutes a payment to the bank. A payment would be, in law, a payment to the payee if the one receiving the payment was authorized by the payee to receive the money for him, or if the payee had held the one receiving the money out in such a way that the payer was justified in supposing that the one receiving the money had authority from the payee to receive it. *Artley v. Morrison*, 73 Iowa 132.

The appellee Tobin, on direct examination, was permitted to testify as to the conversation which he had with Griffin, the cashier of the Riverside Savings Bank, at the time of the borrowing of the $1,500; and on cross-examination relative to the same conversation, the court, on the ground that it was not proper cross-examination, sustained the objection to the following question:

5. APPEAL AND ERROR: harmless error: cross-examination: improper exclusion.

"Didn't you say that it didn't appear exactly right for you to have to borrow $1,500 and pay interest on it, when they had $1,500 of yours, and not paying any interest on it?"

The objection was not good; and, while the court might properly have permitted the witness to answer the question, yet the appellant was given wide latitude in the cross-examination of said witness, and it is apparent from the record that the answer elicited was otherwise obtained in the cross-examination of said witness. In this there was no reversible error. *McLaughlin-Gormley-King Co. v. Hauser*, 200 Iowa 210.

The ground urged being that it is incompetent, irrelevant,

and immaterial, the court overruled an objection to the following question:

6. EVIDENCE: relevancy, materiality, and competency: cancellation of indorsements.

"Now, referring to this note, Exhibit A, did you consent at any time, or authorize any person to remove any credits or indorsements that were upon the back of this note?" And the answer was, "I surely did not."

The claim of the appellees is that they made payments upon the note, which were indorsed thereon by Ball and Mr. Sargent, which did not appear thereon at the time of the trial, and that the note bears evidence that an erasure has been made. The ruling of the court is clearly correct.

The court permitted a witness, Riggs, over objection, to answer the following questions:

"Did you see Mr. Sargent give Mr. Tobin credit for something over $600 on some note there that day?" And he answered in the affirmative. "And do you recollect Mr. Tobin,

7. APPEAL AND ERROR: harmless error: conclusion answers.

paying cash in addition to this?" And he answered, "Yes,—$100."

It is the contention of the appellant that these questions called for the conclusion of the witness, and were leading. If this be true, it could not be prejudicial to the appellant, as the witness had just previously testified, without objection thereto, that Tobin was given the credit on the note.

The appellant also complains of the ruling of the court in overruling appellant's objection to seven exhibits of a documentary nature. The same has had our consideration, and all of same have a bearing on the issues for trial; and, since they were properly identified, the complaint of the appellant is without merit.

The remaining complaints of this character are on the ruling of the court in sustaining appellees' objections to questions propounded to witnesses for the appellant; but the record fails

8. APPEAL AND ERROR: harmless error: exclusion of non-explanatory questions.

to disclose, either by the form of the question propounded or by an offer of testimony, or otherwise, what was expected to be elicited by the questions. In such situation no prejudicial error is shown. *Reynolds & Heitsman v. Henry*, 193 Iowa 164; *Schooley v. Efnor*, 202 Iowa 141.

The appellant assigns as error the overruling by the court

of motion for new trial, based on the ground of newly discovered evidence. In order that the party may be entitled to a new trial based on said ground, the newly discovered evidence must be material, and such that the party making the motion could not, with reasonable diligence, have discovered and produced it at the trial. Section 11550, Code of 1924.

9. NEW TRIAL:
grounds: newly
discovered evi-
dence: dili-
gence.

The alleged newly discovered evidence which it is claimed by appellant would tend to nullify the testimony offered by the appellees consists of the two sale notes, one given by appellee Tobin, and the other by his copartner, S. K. Bacon, and of evidence tending to refute the testimony of appellee Tobin and the witness Riggs as to a payment on the $1,500 note. It is not stated in the affidavit attached to the motion from whom, when, or where the newly discovered evidence was obtained. Appellee Tobin and the witness Riggs testified that the payment was made at the appellant bank to one Sargent. Sargent was not called, and no reason is shown why he could not have been called as a witness by appellant. It is alleged in the affidavit that the two sale notes were made payable to Tobin & Bacon, and that they have not been paid. It is not shown that the note of the appellee Tobin was not the property of the Riverside Savings Bank, and no showing is made as to what, if any, indorsements appear thereon.

Under the issues as made by the pleadings, if the note was the property of said bank, it is immaterial whether same has been paid, and the court so instructed the jury. The affidavit contains merely the conclusion that the appellant had made diligent effort to obtain the evidence, and there are no facts stated as to what constituted the diligent effort. It is stated by the counter affidavit that, as early as August, 1925, eight months before the trial, the appellee and two of his attorneys visited the banking office of the appellant bank, and told its cashier that he had never been able to procure his money or a settlement from the Riverside Savings Bank of the moneys due him from the Tobin & Bacon sale, and that no notes given by appellee to the Riverside Savings Bank would be paid until credit was given therefor.

Whether a new trial shall be granted on newly discovered evidence, although it be material, is largely discretionary with

the trial court. There is no sufficient showing of materiality of the newly discovered evidence or of diligence on the part of appellant, and there was no abuse of discretion by the trial court. —*Affirmed*.:

EVANS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.